SEARS and others vs. LOY.

Where a guaranty of the paymen' i a note purports to be made "in consideration of one dollar in hand paid" to the guarantor, *quære* whether, in an action on the guaranty, oral evidence is admissible to contradict such receipt.

If goods have been sold to the maker of such note on the faith of the guaranty, that is a sufficient consideration to support it.

In an action on such a guaranty, the court instructed the jury that if the plaintiffs were induced thereby to sell goods to the maker of the note, they were entitled to recover; but also charged the jury that if the one dollar mentioned in the guaranty had not been paid, the defendant was not liable, there being testimony to which each of said instructions was applicable. *Held*, that the instructions were inconsistent, and tended to confuse the jury; and the judgment (which was for the defendant) must be reversed on that ground.

APPEAL from the Circuit Court for *Brown* County.

The case is stated by the court. Verdict and judgment for the defendant; and the plaintiffs appealed.

*E. W. Keyes*, for appellants. [No brief on file.]

*Finches, Lynde & Miller*, for respondents, contended that the evidence showed the guaranty to have been given *after* the plaintiffs sold their goods to the maker of the note, and the verdict was conclusive on that point; and that therefore some consideration for it must be shown, other than the credit given by the plaintiffs to the maker of the note, citing *Leonard v. Vanderburgh*, 8 Johns., 29. 2. Defendant had a right to show by parol evidence that there was in fact no consideration for the guaranty such as was mentioned therein. 1 Parsons on Notes and Bills, 194; *Abbott v. Hendricks*, 1 Man. & G., 791; *Foster v. Jolly*, 1 Cromp., M. & R., 703; *Adams v. Wordley*, 1 M. & W., 374; *Barker v. Prentiss*, 6 Mass., 430; *Matlock v. Livingston*, 9 Sm. & M., 489; *Simonton v. Steel*, 1 Ala., 357; *Litchfield v. Falconer*, 2 id., 280; *Smith v. Brooks*, 18 Ga., 440.

*By the Court*, COLE, J. The questions in this case arise entirely upon the instructions. The action was on the following contract of guaranty : " In consideration of one dollar to me in " hand paid, I hereby guarantee the payment of a note made

"by John Day of Green Bay, Wisconsin, for seven hundred "thirty-five 28-100 dollars, at six months from April 28th, 1856, "and payable at the Northern Bank at Green Bay, Wisconsin, "with all exchange over one per cent. (Signed) D. M. LOY."

On the trial, the defendant *Loy* was sworn as a witness, and testified, under objection, that the dollar was not paid him, and that he never received any consideration or equivalent of any kind whatever from *Mr. Sears* or any other person for executing the contract. The plaintiffs asked the court to instruct the jury that the guaranty upon which they brought suit was in the nature of a contract, and includes a receipt for the consideration, and that in the consideration of the case they should disregard all testimony of the defendant as to the non-payment of the consideration expressed in the guaranty of the defendant in evidence; which instruction the court refused to give, but did instruct the jury, that if the consideration mentioned in the guaranty had not been paid—and the defendant's evidence was competent proof on that point—then the defendant was not liable in this action.

Without stopping to determine the question whether the court should not have given the above instruction asked by the plaintiffs, we think the charge of the court is open to objection upon this point. There certainly was testimony in the case from which the jury might have possibly found that the plaintiffs sold goods to Day upon the faith and credit of this guaranty. If this were so, then it is evident that the consideration for the guaranty is amply sufficient and valuable to support the promise, even if the one dollar had never been paid. At all events it is very clear that the court should have qualified the charge by stating to the jury that if the one dollar mentioned in the instrument was not paid, and there was no other consideration for the promise, such as the selling of goods to Day upon the faith and credit of this guaranty, then the defendant was not liable.

This will be the more apparent when we consider a further

instruction which was given at the request of the plaintiffs, which reads as follows: "If the evidence showed that the "guaranty in evidence was the inducement to sell to Day the "goods for which the note in evidence was given, then the "plaintiffs were entitled to recover in the action." This instruction is inconsistent with and repugnant to the charge of the court, since by the latter the jury were told that unless the consideration mentioned in the guaranty had been paid, the defendant was not liable, while in the instruction they were told that he was liable if his guaranty was the inducement for selling to Day the goods for which the note in evidence was given. We think the instructions as given were calculated to mislead and confuse the jury, because the court omitted to instruct them that the one dollar must have been paid or there must have been some other consideration sufficient to support the agreement, otherwise the defendant was not liable.

We do not intend to commit ourselves upon the question somewhat discussed on the argument, whether the defendant had a right to show by parol proof that the one dollar was never in fact paid, or whether, under the circumstances, he would be estopped from going into that matter. If he could attack the payment of the one dollar, he ought to be required to show further and in addition to this that there was no other adequate consideration for his undertaking, before he should be relieved from his liability. The burden of showing this devolves upon him in order to establish a complete defense, even if he is not estopped from attacking the consideration. But we will not dwell upon this point, since the discrepancy and error in the instructions already pointed out are such that there must be a new trial.

The judgment of the circuit court is reversed, and a new trial ordered.