## Lewis *v.* Prenatt and Others

GARNISHEE—ESTOPPEL.—Proceedings in attachment. Answer by the garnishee that he was not indebted to the attachment defendant. Reply, by way of estoppel, that the garnishee, before the suing out of the writ of garnishment, had admitted to plaintiff that he was indebted to the attachment defendant, and that, if garnisheed, he would pay the money to the plaintiff. Demurrer to the reply overruled. In the Supreme Court the plaintiff, after joinder in error and submission, pleaded to the assignment of errors that, upon the trial below, the garnishee was permitted to offer evidence that he was not indebted to the attachment defendant.

*Held*, that the plea filed to the assignment of errors would require the Supreme Court to go outside of the record, and hear oral proof of the proceedings of the court below, which cannot be done. Page 99.

*Held*, also, that the facts set up in the reply did not estop the garnishee from denying an indebtedness to the principal defendant.

APPEAL from the *Jennings* Common Pleas.

FRAZER, J.—This was a proceeding against *Lewis*, as garnishee. He answered, denying all indebtedness, &c., at any

time, to the principal defendant in the suit. To his answer the plaintiffs replied, in estoppel, that before the filing of the affidavit in garnishment, he admitted and represented to the plaintiffs that he had made a certain purchase of property of one *Bingham*, which really belonged to the principal defendant; and that a portion of the purchase money remained unpaid; and that if the plaintiffs would garnishee him, *Lewis*, he would pay the same to the plaintiffs, by means of which, before *Lewis* paid such purchase money, the plaintiffs were induced to, and did, prosecute the proceedings in garnishment, &c. *Lewis* demurred to this reply; his demurrer was overruled, and upon this ruling error is assigned, and this is the only question arising upon the record of the court below. But, before proceeding to its consideration, there is a novel question of practice in this court which must be disposed of.

The appellee joins in error, and, after submission, pleads specially to the assignment of error, and in bar thereof, that, upon the trial below, *Lewis* was permitted to offer evidence that he was not indebted to the principal defendant, whereby the plaintiffs were deprived of the benefit of their estoppel. The appellant moves to strike out this plea. The issue of fact which it tenders would involve an investigation here, to ascertain by oral proof what evidence was admitted in the court below; and, as the record does not show any objection by the appellees to any evidence offered below by the appellant, in consequence of which we must presume that no such objection was made, we have the appellee claiming here that he virtually withdrew his reply in estoppel. This course of practice has never, that we are aware of, been attempted in a court of errors. For what was done in the court below, we must look only to the transcript of its record. Every part of its action can thus appear, if the parties avail themselves of the use of bills of exception; and where this has not been done, it would be strange if the omission can be supplied by making issues of fact here, upon the trial of which we are to learn what was done below. We

cannot inaugurate such a practice, and, accordingly, we direct the second paragraph of the appellees' answer here to be stricken out. Indeed, we would do this on our own motion, or wholly disregard it.

We now come to the question in the record. The matter alleged by way of estoppel, falls very far short of being such. It consists merely of the admissions of the garnishee, and that the plaintiffs were induced thereby to commence their proceedings against him as garnishee. When, by the admission of a fact, which is not true, one draws another into a line of conduct from which he cannot recede, and which must result to his injury, if the fact be otherwise than it was represented, the party making the admission will not afterward be permitted to show the truth to be otherwise, for the reason that he would thereby perpetrate a fraud upon the party whom he had misled.

It is difficult to see how the doctrine could apply against a garnishee, as such. He must answer under oath, and to estop him from answering truly would be to require him to commit perjury. And then the proceeding seems designed to enforce only the rights of the principal defendant against the garnishee, and apply them to the satisfaction of the plaintiff's demand against him; and is not, probably, designed to enable the plaintiff to compel the performance of additional obligations which have arisen in his own behalf against the garnishee. But we need not, and do not, place the present decision upon either of the grounds last alluded to. It is sufficient that the facts pleaded do not, at any rate, constitute an estoppel. The plaintiff parted with no right, and relinquished no security; he stood exactly as he did before the appellant made the representations to him, in all his relations with the whole world, except that he commenced his proceedings of garnishment, and thereby incurred costs. And the record informs us that the appellant at once offered, in open court, to repair the injury by confessing judgment for such costs. We think that the demurrer should have been sustained.

The judgment is reversed, with costs, and the cause remanded, with directions to proceed according to this opinion.

*C. E. Walker* and *H. C. Newcomb*, for appellant.

*S. Major*, for appellees.