# NEWPORT COUNTY.

———✦———

EDWARD O. SKELTON *vs.* GEORGE MANCHESTER, Sheriff.

S. purchased certain articles of A., under an agreement by which they were to remain the property of A. until fully paid for. They were directed and sent to S. before being fully paid for, and while in transit were attached as the goods of S. The attaching creditor testified that B., A.'s agent to sell such articles in the place of S.'s residence, had told him the goods belonged to S. B. denied making this statement.

*Held*, that giving the information testified to by the attaching creditor did not fall within the scope of B.'s agency.

*Held*, further, that such information, even if given by B., would not bind A. unless given under special authority from A. to B.

EXCEPTIONS to the Court of Common Pleas.

*Newport, March* 17, 1879. DURFEE, C. J. This is an action of replevin for two billiard tables which were attached in Newport by the defendant, who is the sheriff of Newport County, as the property of one Alexander T. Sisson, on a writ against him in favor of one George Lawton. The plaintiff's testimony tended

to show that the tables had been ordered by Sisson from the plaintiff at an agreed price of $800, of which $150 was to be paid in cash on delivery, and the remainder from time to time in instalments, and that under the contract or order the tables were to remain the property of the plaintiff until paid for. The testimony also tended to show that the tables, though lettered with Sisson's name, were in transit, and had not been actually delivered to Sisson when they were attached, and that no part of the price had then been paid. Lawton, the attaching creditor, testified for the defendant, that the day before the attachment he had asked the plaintiff's agent for the sale of such tables in Newport, whether Sisson had bought the tables, and the agent replied that Sisson had bought them and had paid for them. The agent denied having had any such conversation with Lawton. The court charged the jury that if the plaintiff or his agent had led the attaching creditor to believe the property belonged to Sisson, and the creditor had acted on the belief so produced in making the attachment, then the plaintiff could not recover. The plaintiff excepted, and now, the jury having rendered a verdict for the defendant, asks for a new trial on account of error in the charge, and also because the verdict is against the evidence.

We think a new trial ought to be granted. The statement relied on to create the estoppel was not made by the plaintiff himself, but by his agent, and not by a general agent, but by his agent for a particular purpose, to wit, for the purpose of selling his billiard tables in Newport. It is not claimed that the agent had any express authority from the plaintiff to make the statement. The question then is, whether any such authority can be implied from his agency. As agent to sell, he would have authority to represent his principal, to speak and act for him, in the execution of his agency. But he was not executing his agency when he told Lawton that Sisson had bought and paid for the tables. It was no part of his business as agent to give information about the ownership of the tables to inquirers like Lawton, and he might very properly have refused to give it. It is true Lawton would naturally suppose that he would know whether Sisson had bought the tables, and might very naturally, if he wished the information, apply to him for it. But he would

apply to him not as agent to sell, but simply as a person who because of his agency would know, and the agent in replying to the application, would reply not as agent to sell, but as a person capable of giving the information. He would speak for himself and not for his principal; we do not see, therefore, how the statement could subject the plaintiff to an estoppel. If Lawton has any claim against anybody for the misstatement, he has it against the agent personally. _New York Car Oil Co._ v. _Richmond_, 6 Bosw. 213; _Green_ v. _Dockendorf_, 13 Minn. 70.

Waiving the question, therefore, whether a person can have the benefit of an estoppel on account of a misstatement which has merely misled him into making an attachment (as to which see _Lewis_ v. _Prenatt_, 24 Ind. 98 ; _Phillipsburgh Bank_ v. _Fulmer_, 31 N. J. Law, 52 ; but _contra_, _Horn_ v. _Cole_, 51 N. H. 287), and waiving also the question, whether in this case the law of equitable estoppel was not stated with too much latitude, we think a new trial must be granted because there was no evidence to show that the statement relied on to create the estoppel could properly be regarded as the plaintiff's statement.

POTTER, J., concurring. I concur with the other members of the court in granting a new trial. I think the rule as to cases where a party is misled by relying on the words or acts of another is well stated in _Horn_ v. _Cole_, 51 N. H. 287, 300, where the Supreme Court of New Hampshire, after a long examination of cases, says :

" Where a man makes a statement disclaiming his title to property, in a manner and under circumstances such as he must understand those who heard the statement would believe to be true, and, if they had an interest in the subject, would act on as true, and one, using his own means of knowledge with due diligence, acts on the statement as true, the party who makes the statement cannot show that his representation was false, to the injury of the party who believed it to be true and acted on it as such." See also 2 Smith's Lead. Cas. 7th Amer. ed. 711 ; and the case of _Brant_ v. _Virginia Coal & Iron Co._ 3 Otto, 326, with the notes on this case in 2 Southern Law Review, N. S. 644.

_Exceptions sustained._

_Francis B. Peckham, Jr., & Samuel R. Honey_, for plaintiff.
_William P. Sheffield_, for defendant.