WARDER and others vs. BAKER, Garnishee, and others.

| 54 | 49 |
| 75 | 198 |
| 54 | 49 |
| 97 | 559 |
| 54 | 49 |
| 101 | 425 |

*November 29, 1881— January 10, 1882.*

GARNISHMENT. *Garnishee's prior admission as estoppel, and as evidence.*

The mere facts that, during the pendency of an action for a money judgment by plaintiffs against T., B., knowing that plaintiffs were making the inquiry with a view to determining whether they should garnishee him, admitted an indebtedness on his part to T., and that plaintiffs were thus induced to commence garnishment proceedings against him, do not estop him from afterwards denying the existence of such indebtedness; though such admission is evidence for the jury as to the fact of indebtedness.

APPEAL from the Circuit Court for *Dane* County.
The case is thus stated by Mr. Justice TAYLOR:
"The plaintiffs obtained judgment against the appellants *Taylor & Taylor*, and also against *Lewis Baker* as garnishee. *Baker* was summoned as garnishee before judgment was obtained in the action against the *Taylors.* The issue between the plaintiffs and the garnishee was tried by a jury. Among other things the learned circuit judge instructed the jury as follows: 'If you find that the witness Ellsworth informed defendant *Baker* that he was the agent of the plaintiffs in this action, and that he was making the inquiries testified to by him on their behalf with a view of commencing garnishee proceedings against said *Baker* if he should have any surplus in his hands due to *Taylor Bros.* after paying any indebtedness which they might owe said *Baker*, but that he would not

commence garnishee proceedings against said *Baker*, and would make no expense for the plaintiffs, if no surplus would remain in said *Baker's* hands after so paying any indebtedness to said *Baker;* and if you further find that said defendant *Baker* then stated to Mr. Ellsworth that there would remain in his hands, when both policies should be paid, about the amount of one of said policies, or words to that effect; and that Mr. Ellsworth acted on said statement, believing it to be true, and instituted his garnishee proceedings relying upon them, and that *Mr. Baker* made said statement intending it to be acted upon,— then I instruct you that said defendant *Baker* is estopped as to the plaintiffs in this action from denying that he held said sum of about $1,000 in trust for said *Taylors*, and the plaintiffs are entitled to a verdict for the amount of the indebtedness due them on the judgment against the defendant *Taylor.*' "

The plaintiffs had a verdict and judgment, and the garnishee appealed.

To the appellant there was a brief by *Smith, Rogers & Frank*, and oral argument by *Mr. Rogers:*

The court erred in assuming that there was any evidence in the case that warranted the application of the law of estoppel. Conceding that at and prior to the commencement of the action such statements were made by the appellant to the respondent's agent as would estop the appellant from attempting on the trial to show the truth, that estoppel ceased when, within a few days thereafter, the appellant notified the respondent by his sworn statement in writing that he was neither indebted to nor had in his hands any property of the defendants, unless the respondents, upon the trial, showed affirmatively that at the time of making the statements the defendants had other property of sufficient value to secure the debt, which might and would have been attached by the respondents were it not for their relying upon the truth of the appellant's statements, and that such property had since passed beyond the

reach of process. *Dewey v. Field*, 4 Met., 381; *Kinnear v. Mackey*, 85 Ill., 96; *Ford v. Smith*, 27 Wis., 261; *Warder v. Baldwin*, 51 id., 450. The sole injury complained of by respondents was their liability to pay costs. But to apply the doctrine of estoppel so as to charge the garnishee with the payment of a large sum of money he does not owe, in order to save the respondents a few dollars of costs, would be to make it a means of working, not preventing, a serious injury — to make it a sword instead of a shield. *Phillipsburg Bank v. Fulmer*, 2 Vroom, 52; *Exchange Bank v. Cooper*, 40 Mo., 170; *Jackson v. Pixley*, 9 Cush., 490. There was no evidence which tended to show that the appellant acquired any advantage by reason of the alleged statements, or that the respondents suffered any damage, parted with any right, or changed their position in consequence of their relying upon the truth of the same. *Barnard v. Campbell*, 55 N. Y., 463; *Brown v. Bowen*, 30 id., 541; *Winegar v. Fowler*, 82 id., 315; *Lewis, v. Prenatt*, 24 Ind., 98; *Goodale v. Scannell*, 8 Cal., 27. The court should have charged the jury that if the element of fraud was lacking there could be no estoppel. *Brent v. Virginia Coal & Iron Co.*, 93 U. S., 326; *Dorlarque v. Cress*, 71 Ill., 380; *Morton's Adm'r v. Hodgdon*, 32 Me., 127; *Gove v. White*, 20 Wis., 425; *Thrall v. Lathrop*, 30 Vt., 307. The court should not have submitted the case to the jury on the question of estoppel, unless the proof in that regard was full and satisfactory. *Morris v. Moore*, 11 Humph., 433.

For the respondents there was a brief by *Lewis, Lewis & Hale* and *C. F. Harding*, and oral argument by *H. M. Lewis*. They contended, *inter alia*, that the appellant was clearly estopped by his conduct. Bigelow on Estoppel, 474; 12 Cent. L. J., 29; *Pickard v. Sears*, 6 Ad. & El., 469; *Stein v. Hermann*, 23 Wis., 132; *St. Louis v. Regenfuss*, 28 id., 144; *Gage v. Chesebro*, 49 id., 481; *Pierce v. Andrews*, 6 Cush., 4; *Stephens v. Baird*, 9 Cow., 274; 11 Cent. L. J., 481; *Roach v. Brannon*, 57 Miss., 490; *Cocke v. Kuykendall*, 41 id., 65;

*Morgan v. Nunes*, 54 id., 308; *Perry v. Williams*, 39 Wis., 339; *Blair v. Wait*, 69 N. Y., 113; *Chapman v. O'Brien*, 2 Jones & Sp., 524; 1 Greenl. Ev., secs. 267–8; *Cont. Nat. Bank v. Nat. Bank of Comm.*, 50 N. Y., 575; *Horn v. Cole*, 51 N. H., 287; *Kinnear v. Mackey*, 85 Ill., 96. The court will not inquire into the amount of damages that would be caused. It will only ascertain that there would be legal damage or injury. Bigelow on Estop., 575. An estoppel created by representations acted upon is commensurate with the thing represented, and operates to put the party entitled to the benefit of the estoppel in the same position as if the thing represented were true. *Marr v. Howland*, 20 Wis., 282; *Grissler v. Powers*, 81 N. Y., 57; *Fall River Nat. Bank v. Buffinton*, 97 Mass., 498. Fraud is not an essential element in an estoppel. *Blair v. Wait*, 69 N. Y., 113; *Manuf. & Traders' Bank v. Hazard*, 30 id., 226; *Preston v. Mann*, 25 Conn., 118; *Gove v. White*, 23 Wis., 282; *Bird v. Kleiner*, 41 id., 134.

TAYLOR, J. The instruction above recited was duly excepted to, and is alleged as error, and relied upon by the learned counsel for the appellants as a ground for reversing the judgment. Many other errors are assigned by the counsel for the appellants; but, as we have concluded that the judgment must be reversed on account of the error in this instruction, we do not think it necessary to pass upon the other assignments of error. We think the instruction given by the learned circuit judge, above quoted, that the facts therein stated, if found in favor of the plaintiffs, would estop the garnishee from denying his indebtedness to the principal defendants, and entitle the plaintiffs to a judgment against him for the amount of the judgment against the principal defendants, cannot be sustained by authority or any well-settled principles of law. If it can be supported as good law, then we can see no good reason why any defendant in an action, who has, before suit

brought, fully and fairly admitted to the plaintiff that he was indebted to him in any certain amount, should not, upon the trial of the action subsequently brought, be estopped from showing that his admission was false, or made under a mistake of the facts; and yet it is every-day practice to permit defendants not only to contradict their admissions made before trial, but to go further and contradict their most solemn promises in writing by showing that there was in fact no consideration for such promise.

The only ground for holding the garnishee estopped is that in reliance upon his admissions the plaintiffs commenced garnishee proceedings against him. There is no proof in the case that the plaintiffs in the garnishee proceedings have suffered any injury by reason of the statements or admissions made by the garnishee; that they have lost any remedy which they might otherwise have taken against the principal defendants, or been in any way prejudiced otherwise than the cost they have been put to in serving the garnishee process in the case. The evidence further shows that the garnishee papers had been all prepared in blank, ready for service, before the statements were made by the appellant which are relied upon as an estoppel, and that they were sworn to and served immediately after the statements were made; and that at the time the garnishee proceedings were served the plaintiffs had not obtained judgment against the original defendants, and did not obtain such judgment until some months after the garnishee had answered and denied all liability as garnishee. The proceedings were commenced against the garnishee April 24, 1880, and judgment was rendered against the original defendants November 19, 1880.

The record presents this question, and, as we think, no other: Is a garnishee estopped from denying his indebtedness to the principal defendants in the action because he has admitted such indebtedness, previous to the commencement of the action against him, to the plaintiffs, their agent or attorney, having

reason to believe at the time of making such admission that the plaintiffs would act upon them and commence proceedings against him as garnishee, when it does not appear that the plaintiffs have suffered any injury in any way by their reliance upon such admission, other than the mere expense of serving the papers in the action? After a careful consideration of the subject, and of the authorities cited by the learned counsel for the respondents to sustain the proposition, we are constrained to answer the question in the negative.

If an estoppel is created upon the facts of this case, then we see no reason why the estoppel would not arise upon like admissions made by a defendant in any other action; and in any action to recover a sum of money claimed to be due from the defendant to the plaintiff, an admission of indebtedness, made by the defendant before suit brought, would be equally conclusive of the right of the plaintiff to recover, especially where there was any dispute or uncertainty as to the fact of the indebtedness for which the action was brought, as it might well be presumed, in such case, that the plaintiff brought the action relying upon the admissions made by the defendant. If such were the rule, then the plaintiff ought to be permitted to plead in the first instance, not that the defendant owed him any debt, but that, previous to the commencement of the action, he admitted his indebtedness, and, relying upon such admission, he brought his action to recover the same. We have not been able to find any precedent for such a complaint. Yet we are forced to admit that the learned counsel has cited us to some decisions, and we have found one not cited, which seem to give countenance to that doctrine. *Meister v. Birney*, 24 Mich., 435–440; *Finnegan v. Carraher*, 47 N. Y., 493–499; *Hall v. White*, 3 C. & P., 136. But, when examined, we think they fall far short of sustaining the views of the learned counsel for the respondent.

*Meister v. Birney* was an action to recover rent. The evidence showed that the lessee had turned over the leased

premises to the defendant for one month, for which the rent had been paid. The landlord had agreed to make certain alterations, but he declined to make the same unless he had some further assurance that the future rents would be paid. The defendant, before the first month was out, told the plaint- iff the lease had been assigned to him and he would pay the rent. The plaintiff thereupon completed the repairs, and the defendant stipulated in writing to the effect that the lessee had assigned the lease to him and he agreed to comply with its terms. Soon after the second month of the lease commenced, the defendant surrendered the possession to the original ten- ant, without giving any notice to the landlord, who commenced his suit for the rent of the second month. Justice COOLEY, in delivering the opinion, held in effect that the promise on the part of the defendant to pay the future rent was void, because he had no assignment of the lease except for the month the rent for which had been paid. He was not in possession of the premises during the second month, and making the re- pairs by the plaintiff was no consideration for the defendant's promise, because by the terms of the lease he was bound to make them. But the learned judge held the defendant liable, because, he says, the plaintiff had the right to rely upon his statement that he had purchased the lease and would pay the rent, and was not afterwards informed by the defendant, be- fore suit brought, that he had surrendered the possession to the original tenant. The learned judge uses the following language: " Although he surrendered the possession to Rosa Meister after his month was up, he did not inform the plaint- iff of that fact, *and we are not apprised by this record* that plaintiff was notified of the surrender before this suit was brought. The construction we put upon the judge's finding is, that the plaintiff, when he brought this suit, believed and relied upon the defendant's averment that he owned the term, and supposed him in possession, and to be in default in the payment of rent which it belonged to him to pay. If such

was the fact — if the plaintiff was induced to incur the expense of this litigation in reliance upon a promise to pay which was apparently legal and valid, and upon a statement of the defendant establishing such liability, which, though not true, he had reason to believe to be so, and to rely upon,— we think the defendant cannot be permitted in this suit to deny the truth of such statement, and thereby not only evade his promise, but impose upon the plaintiff the expenses of the suit. *Expenditures in litigation may as reasonably constitute the basis of an estoppel as any other expenditures,* and in this case it is just and equitable that they be held to do so."

No authorities are cited by the learned court to sustain the position taken, and it appears that the plaintiff was permitted to recover upon a contract which the court held was absolutely void for want of any consideration, upon the sole ground that the defendant had stated that facts existed which, if true, would have been a good consideration for the promise to pay the rent, and which would in fact have made him liable for the rent without any express promise to pay, viz., that the lessee had turned over the leased property to him and that he was in possession thereof. It appears that in this case, while the defendant was in possession of the leased property by assignment of the first month of the term by the lessee, the defendant signed the following written memorandum at the foot of the original lease: "Rosa Meister having assigned her interest in the above agreement to B. L. Meister, the undersigned, he agrees to comply with the terms and conditions above specified. *June* 1, 1880.    B. L. MEISTER." And it further appears that this writing was signed, at the request of the plaintiff, after the defendant had notified him that the lease had been assigned to him, and that he was in possession under the lease.    It seems to me that the liability of the defendant upon this contract, although a contract to pay the debt of another, was valid without the aid of the law of estoppel.  The contract is in writing, and it expressed a consideration on its

face; and, although it should be admitted that such expressed consideration might be disproved for the purpose of showing the contract void under the statute of frauds, which I think a most doubtful proposition (*Sears v. Low*, 19 Wis., 96; *Cheney v. Cook*, 7 Wis., 413; *Day v. Elmore*, 4 Wis., 190), still the facts proved did not show that the consideration expressed in the contract did not in fact exist. There was an assignment, at least, of a part of the term, and the defendant was in possession at the time of making the promise under such assignment. We agree with the learned court that it was "just and equitable that the defendant should be held to pay the rent," and we see no reason why he was not legally bound by his contract without the aid of the law of estoppel.

The case of *Finnegan v. Carraher* was an action of ejectment, and the question was whether the defendant, who claimed to be the owner of the premises in dispute, and whose tenant was in the actual possession of the premises when the action was commenced, should be permitted to defeat the action by showing the actual possession in his tenant and not in himself, he having stated that he was in the possession before and at the time the action was commenced; and the court held he should be estopped to show that fact, mainly, I think, upon the ground that the defendant was in fact the real party in interest, his title being in fact the matter in litigation, and the presence of the tenant, the actual occupant, was a mere formal matter so far as the action would settle the rights of the real owners. The court in that case says: "Estoppels are allowed for the prevention of fraud, and that which will enable a party to keep the lawful owner of property out of possession for a series of years, and put him to great expense by a technical mistake as to the person to be pursued, when the substantial party has been reached, is a fraud sufficient to support an estoppel." In this case there was no question as to the right of a plaintiff to maintain a substantial cause of action upon an admission of the defendant. The cause of action was litigated

between the real parties in interest, and the right of the plaintiff was not permitted to be defeated because the statute had provided that the tenant in possession should have also been made a party, such tenant having been omitted upon the statement of the defendant that he was himself in the possession.

In the case of *Hall v. White*, 3 C. & P., 136, on the trial of an action of *detinue* to recover certain documents relating to the estate represented by the plaintiff, it is stated that BEST, C. J., made the following remarks: "If the defendant said that he had the deeds, and thereby induced the plaintiffs to bring their action against him, I shall hold that they may recover against him, although the assertion was a fraud on his part. It appears by his letter that he did so say, and therefore I am of opinion that the verdict must be for the plaintiffs." His lordship then left it to the jury to give such damages as would compel the defendant to deliver up the deeds, and they accordingly found a verdict for £450.

The above is all that is reported in the case as said by the learned chief justice; but from the statement of the case it would appear that there was no evidence offered on the part of the defendant, and that it was upon the motion of the defendant to nonsuit the plaintiff for want of sufficient evidence showing the detention of the papers by the defendant, that the above remarks were made. It can hardly be supposed the learned justice intended, by what was said in that case, that he would not hear any evidence on the part of the defendant as to the real facts of the case, as no such proofs appear to have been offered by the defendant. What was said must be considered as relating to the sufficiency of the plaintiff's evidence to entitle her to recover, remaining wholly uncontradicted, and not as constituting an estoppel against him, which would prevent his showing a defense to the action. The evidence reported on the part of the plaintiff does not show any possession of the documents by the defendant except by way of inference,

and it is probable the motion for a nonsuit or verdict for the defendants was submitted for that reason; but the court thought the evidence of the admissions of the defendant were sufficient to charge him with having the possession and control of the same, and so directed a verdict against him.

In the case of *Trustees, etc., v. Williams*, 9 Wend., 147, the defendant was held estopped from defeating an action of eject-. ment for non-payment of rent by showing that there was sufficient property on the premises, subject to distress, to pay the rent at the time the action was commenced, because at that time he stated to the plaintiff there was no property on the premises, subject to seizure, out of which the rent could be collected. In that case the plaintiff was, by law, compellable to collect his rent out of the property subject to seizure therefor, if there was any, and ejectment would lie only when there was no property subject to such seizure. It was held that the defendant, having declared there was no such property, could not afterwards complain that ejectment was brought. No injury was done to the defendant by taking such course on the part of the plaintiff, as the statute gave the defendant six months, after the plaintiff had taken possession under his recovery in ejectment, to pay the rent; and upon such payment he would be restored to all his rights under his lease, the same as if no recovery had been had. No wrong was done to the defendant by refusing to permit him to change his ground, and insist that the landlord should have proceeded to collect his rent by distress, instead of by ejectment, after he had turned him over to that action.

The cases cited by the learned counsel from Mississippi (*Cocke v. Kuykendall*, 41 Miss., 65; *Morgan v. Nunes*, 54 Miss., 308; and *Roach v. Brannon*, 57 Miss., 490) are all cases where the question to be tried was, whether the plaintiff had wrongfully sued out an attachment against the defendant's property. The question was, whether the plaintiff was justified in pursuing a certain form of action to recover his debt of

the defendant. Whether he had the right to prosecute the action by attachment depended upon the question whether the plaintiff had reasonable grounds for believing the existence of certain facts; and it was held in all the cases that if, from the statements made by the defendant himself before the commencement of the action, the plaintiff, upon the supposition that such statements were true, would have good cause for suing out the attachment, the defendant would be estopped from showing the falsity of such statements to defeat the attachment. The question was not whether the facts set out in the affidavit upon which the attachment was founded did in fact exist, but whether the plaintiff had wrongfully issued the attachment. This was the view taken of the question in the two cases first cited, and, notwithstanding the contrary. view expressed by the learned judge who wrote the opinion in the last case, we are inclined to think it was the true question upon the traverse made under the code of that state.

It will be seen that none of the cases above cited, and relied upon by the learned counsel for the respondents, were cases in which it was held that a cause of action in favor of the plaintiff could be created by way of estoppel against a defendant upon his mere admission before trial that such cause of action existed in favor of the plaintiff, unless it be the case cited from the Michigan court, and the *nisi prius* case cited from the English court, which we have commented on above. All the other cases cited by the respondents' counsel in his brief were cases where the party in whose favor the estoppel was sustained, had acted upon the admissions or statements made to the defendant by way of the purchase of property made upon the faith of such statements or admissions. None of them go upon the mere fact that the plaintiff had commenced an action relying upon the truth of such statements.

We have been unable to find any well-considered case which has held that an admission of liability made by a defendant before action brought, even though the action be brought by

the plaintiff in reliance upon such admission, estops the defendant from contesting such liability upon the trial, where the plaintiff shows no injury to himself as the result of such admission except that he was induced to bring the action.   On the other hand, we find many cases which hold substantially the contrary.   *Pierce v. Andrews*, 6 Cush., 4; *Jackson v. Pixley*, 9 Cush., 490; *Phillipsburg Bank v. Fulmer*, 2 Vroom, 52; *Johns v. Church*, 12 Pick., 557; *Campbell v. Nichols*, 4 Vroom, 81; *Exchange Bank v. Cooper*, 40 Mo., 169–172; *Kinnear v. Mackey*, 85 Ill., 96–98; *Lewis v. Prenatt*, 24 Ind., 98; *Ford v. Smith*, 27 Wis., 261–276; *Warder v. Baldwin*, 51 Wis., 450, 457–8; *Perry v. Williams*, 39 Wis., 339–343; *Goodale v. Scannell*, 8 Cal., 27; *Winegar v. Fowler*, 82 N. Y., 315–318; *Bursley v. Hamilton*, 15 Pick., 40–43.

The cases of *Bank v. Fulmer* and *Lewis v. Prenatt, supra*, were both cases against garnishees, and in both cases it was sought, as in the case at bar, to estop the defendants from showing that they were not indebted to the principal defendants, because they had, previous to the commencement of the action against them, admitted their indebtedness to such defendants.   The same arguments were used by the plaintiffs in such actions as are used in this case, but in both cases the courts decided against the estoppel.   These cases were decided upon the ground that a mere admission of liability, upon the strength of which the plaintiff commenced an action and suffered no other damage than what was incident to the commencement of the action, did not estop the defendant from showing upon the trial that no liability in fact existed upon which the plaintiff was entitled to recover.   In the case of *Bank v. Fulmer*, the learned court say: "Salutary as is the doctrine of estoppel *in pais* as a preventive of fraud, when confined within reasonable limits, no case has ever gone so far as to render a man liable to pay a debt of $2,000 which he did not owe, because, in consequence of his false statements that he did owe it, a suit was commenced against him, a failure to sustain which would throw the costs on the plaintiff."

We fully agree with the learned court in this proposition, and we think no well-considered case can be found which has held that an admission of liability, however solemnly made, unless made under seal, will create a cause of action in favor of any person who has suffered no other injury in reliance upon such admission than commencing an action against the party making the same. In all such cases the admission is no more than evidence tending to prove the liability; is always subject to be overcome by other proofs, and never amounts to an estoppel; and in this and most of the other states, even where the admission is under seal, it does not estop the defendant. See section 4195, R. S. If an admission of liability is an estoppel against the person making it in favor of the person to whom it is made, and prevents the party making the admission from denying its truth, if an action be brought to enforce the liability admitted, it would overturn the venerable rule that the defendant may show a want of consideration to defeat an action upon his written contract expressing and admitting a consideration for the promise; as in the action upon a promissory note or other obligation for the payment of money.

The rules of law governing the action upon promissory notes very clearly illustrate the effect which mere admissions have upon the rights of the defendant in the action. In such actions, when the suit is between the original parties, or persons standing in like situation, the admissions made in the contract are only *prima facie* evidence of liability, even though made under seal, and the fact that the plaintiff has brought his action relying on such admission does not in any way estop the defendant from showing the truth; but when a third party brings the action, and shows that he acquired the title to the contract under such circumstances, as the law says he may do, in reliance upon the defendant's admission of liability in the contract itself, or if he acquires it under such circumstances that the law does not give him the right to rely upon the mere written promise and admission of liability, still he may estop the defendant from denying such liability, if, before he

purchases, he makes inquiry of the defendant, who admits the liability, and on the strength of such admission he pays his money for the purchase thereof. The defendant in such case is estopped to deny his liability, because the plaintiff makes the purchase relying upon his admission, and not because he has brought suit relying upon such admission. No case can, I think, be found where an action has been maintained by the holder of a promissory note, or other negotiable instrument, who purchased after the note or other instrument was past due, upon an admission of liability made by the maker to the holder after the purchase had been made, simply on the ground that he brought his action relying upon such admission.

In the case of *Ford v. Smith*, 27 Wis., 267, Chief Justice Dixon, delivering the opinion of the court, said: "The proposition that there could be an estoppel growing out of a mere levy made in consequence of such statements, although authorized, when the sheriff was informed of the truth and notified not to proceed before sale, is untenable. The sheriff does not, by the levy alone, acquire the position or the rights of a purchaser for value without notice." In the case of *Warder v. Baldwin*, 51 Wis., 457, the court in its opinion used the following language: "In order to create an estoppel in favor of an officer seizing property upon a writ against the real owner thereof, such owner or his authorized agents must have done or omitted to do something which induced the officer to act differently from what he would have otherwise done, and it must also further appear that the assertion of the real title will jeopardize the rights of the person in whose favor the writ is issued, contrary to equity."

"If a seizure of the wrong property upon a writ of replevin were induced by the real owner, that might be a good defense to an action for the mere seizure; but if the owner afterwards notified the sheriff of his title, and demanded the return of the property, the sheriff would be a wrong-doer for not returning it, unless he could show that it would be prejudicial

to the rights and interests of the person in whose favor such property was seized, to permit such return."

In *Perry v. Williams*, 3!) Wis., 343, this court said: "It is conceded on all hands that a receiptor who conceals from the officer his ownership of the property and suffers it to be attached as the defendant's, thereby preventing the officer, perhaps, from attaching other property, is precluded, when sued upon the receipt, from setting up property in himself."

These cases clearly hold that the fact that the officer or party made the attachment or seizure relying upon the declarations or conduct of the real owner, did not estop such owner from asserting his title, unless the party represented by the officer had lost some other means of securing his debt or property by reason of his reliance upon such declarations or conduct by the real owner. In the case at bar there is no pretense made in the evidence that the respondents lost anything by their reliance upon the admissions of the garnishee. There is no pretense that the principal defendants had any other property which might have been seized or garnished by the plaintiffs to secure the payment of their debt, and that, relying upon the admissions of the garnishee, they neglected to attach such other property or garnish other indebtedness to the principal defendants. They simply served the garnishee papers on the garnishee, and within twenty days thereafter he filed an answer under oath denying all liability or indebtedness to the principal defendants. By this act he withdrew his admissions made to the plaintiffs' agents, if any were made, and under oath denied their truth. This denial was made several months before the respondents obtained judgment against the principal defendants, and, consequently, many months before they could try the question of the liability of the garnishee. After such denial, it was their own fault if they failed to take any other steps to secure their debt due from the principal defendants. After the admission was withdrawn by the garnishee, they had no right to neglect to take other proper steps to secure their

claim, and charge such neglect to the action of the appellant. If, at the time the appellant withdrew his admission of liability to the respondents upon the garnishee proceeding, they had not lost any other remedy against the principal defendants, there was nothing upon which they could claim an estoppel as against the appellant. A false statement made by one party to another, which works no *injury* to *such other*, has never been held to constitute a cause of action. Where it does work an injury, the right of recovery is limited by the extent of the injury inflicted. And this, in my opinion, is the rule applicable to the case of estoppels, especially where the title to specific property is not affected by such estoppel.

In the case at bar, the only injury which the respondent suffered, so far as the proofs show, by reason of the alleged false statement of the appellant, before the same was withdrawn, was the service of the garnishee papers upon him. It is hardly in accord with equity to charge the appellant with the payment of $800 and over, because the respondents, in reliance upon his admissions, were damaged to an extent not amounting to as many cents. The potency of the admissions, if proved to the satisfaction of the jury, as proof of the indebtedness of the garnishee to the principal defendants, notwithstanding his denial of such indebtedness under oath upon the trial, was a question for the jury; but they do not amount to such proof of the indebtedness, when such indebtedness is denied under oath, as would authorize the court to determine as a matter of law that such indebtedness did in fact exist; and, as we have stated above, such admissions not working an estoppel upon the garnishee, the instruction excepted to was clearly erroneous.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded for a new trial.