HENRY MILLER ET AL., Respondents, v. F. B. ANDERSON ET. AL., GARNISHEES OF H. H. BYRNE, Appellants.

Kansas City Court of Appeals, October 26, 1885.

1. JUDGMENT AGAINST GARNISHEES—NOT TO BE RENDERED UNTIL CONTROVERSY DETERMINED BETWEEN PLAINTIFF AND DEFENDANT.—It is error to render judgment against a garnishee before there has been a judicial ascertainment of the original defendant's indebtedness to plaintiff, and it has been reduced to final judgment. Rev. Stat., sect. 2531; Drake on Attachments, sect. 460.

2. ESTOPPEL—WHAT CONSTITUTES—MUST BE PLEADED SPECIALLY—CASE ADJUDGED.—An express or implied admission becomes indisputable by reason of the circumstance, that the party claiming the benefit of it has, while acting in good faith and in accordance with the real or assumed assent of the other party, been induced by it to change his position. Bigelow on Estoppel, 367. *Held*, that the facts proven in this case, do not constitute an estoppel, and if they did, plaintiffs could not be heard to complain, for they made no reference to estoppel in their pleading, and such facts must be specially pleaded.

APPEAL from Jasper Circuit Court, HON. E. C. DEVORE, Special Judge.

*Reversed and remanded.*

Statement of case by the court.

This is a proceeding against Haskell and Anderson as garnishees of H. H. Byrne. They answered, denying all indebtedness, etc., at any time to Byrne, the principal defendant in the action. The plaintiffs filed a pleading, controverting this answer, in which it is stated :

" That at the time of the services of the writ of garnishment upon defendants, they were partners and had a contract from the Missouri Pacific Railway Company for the construction of its road, south and west of Carthage, Missouri, towards Webb City, Missouri, and that long prior thereto defendants sub-let a portion of said work to H. H. Byrne, and said Byrne had, and was at the time of the service of the garnishment, engaged on said work in the employ of defendants, with a large force of hands, and for said work so done by said Byrne and the persons in his employ, said Haskell and Anderson were at the time, and have since become, and are now indebted to said Byrne in the sum of $1,000, for which plaintiffs ask judgment."

The garnishees replied to this pleading, denying each and every allegation therein contained.

The case was tried before E. C. Devore, special judge, without a jury.

There was evidence tending to show that in a conversation between plaintiffs and one of the garnishees, the garnishee admitted he owed Byrne three hundred and eighty dollars, and said "the only way left us (plaintiffs) was to garnishee the money in their hands, and then they would pay it to us. Defendants advised us to garnishee the money in their hands."

There was no evidence that there had been any judgment rendered against the principal defendant, Byrne.

Among others, the garnishees asked, and the court refused the following instruction:

"2. That although the court may find from the evidence that defendants admitted to plaintiffs that they were indebted to Byrne, yet such admissions on the part of defendants, do not, under the testimony in this case, amount to an estoppel."

The court of its own motion, gave the following instruction:

"That the defendants in this case are entitled to have and maintain every defence they could have and maintain if Byrne was the plaintiff, and plaintiffs cannot maintain this action, unless defendants by their acts and admissions made to plaintiffs before the commencement of this proceeding, they now, in good conscience and common honesty, are estopped to gainsay and deny."

Judgment was rendered against the garnishees for three hundred and eighty dollars, and they appeal.

PHELPS & BROWN, for the appellants.

I. There can be no judgment against the garnishees until judgment against the principal defendant shall have been recovered. Rev. Stat., sect 2531; Drake on Attachment (4 Ed.) sect. 460.

II. A party who declares that he is indebted to another, and promises a creditor that he will retain the money until he has an opportunity to garnish it in his hands, is not estopped from denying his indebtedness in a garnishment proceeding thereinafter instituted. Drake on Attachment (4 Ed.) sect. 629 *a*; *Lewis v. Prenatt*, 24 Ind. 93.

III. Facts relied on as an estoppel *in pais* must be specially pleaded. *Bray v. Marshall*, 75 Mo. 327.

IV. It is a universal rule, that under no circumstances, shall a garnishee be placed in a worse condition than he would be in, if the defendant's claim was *enforced by the defendant himself*. Drake on Attachments (4 Ed.) sect. 462.

V. Under the evidence the finding and judgment should have been for the defendants.

No brief on file for the respondents.

ELLISON, J.—It was manifest error in the court below to render final judgment against the garnishees until there had been a judicial ascertainment of the original defendant's indebtedness to plaintiffs and it had been reduced to a final judgment. Rev. Stat., 1879, sect. 2531 ; Drake on Attachment, 460.

The instruction asked by the garnishees should have been given and that given by the court should not have been. The facts proven do not amount to an estoppel. There is nothing to show that the position of plaintiffs was altered to their prejudice. *Lewis v. Prenat,* 24 Ind. 98 ; Drake on Attachment, sect. 629 *a ; Turner v. Waldo,* 40 Vermont 51 ; *Jackson v. Pixley,* 9 Cush. 490 ; *Warder et al. v. Baldwin,* 51 Wis. 450.

Bigelow defines an estoppel *in pais* as "an express or implied admission become indisputable by reason of the circumstance that the party claiming the benefit of it has, while acting in good faith and in accordance with the real or presumed assent of the other party, been induced by it to change his position." Bigelow on Estoppel, 387. The case of *Lewis v. Prenat* (24 Ind. 98), is much like this in all essential particulars. The court in that case says : "The matter alleged by way of estoppel, falls very short of being such. It consists merely of the admissions of the garnishee, and that plaintiffs were induced thereby to commence their proceedings against him as garnishee. Where, by the admission of a fact, which is not true, one throws another into a line of conduct, which must result to his injury, if the fact be otherwise than it was represented, the party will not afterwards be permitted to show the truth to be otherwise.

"It is difficult to see how the doctrine could apply against a garnishee as such. He must answer under oath, and to estop him from answering truly, would be to require him to commit perjury ; and then the pleading seems designed to enforce only the rights of the principal

defendant against the garnishee, and apply them to the satisfaction of plaintiff's demand against him ; and is not designed to enable the plaintiff to compel the performance of additional obligations, which have arisen in his own behalf against the garnishee. But we need not, and do not place the present decision upon either of the grounds last alluded to. It is sufficient that the facts pleaded do not constitute an estoppel. The plaintiff parted with no right, and relinquished no security ; he stood exactly as he did before the appellant made the representations to him, except that he commenced his proceedings of garnishment and thereby incurred costs."

But if this were not the law of estoppel as applied to this case, plaintiffs could not be heard to complain, for they have made no reference to estoppel in the pleading. Facts relied upon as an estoppel *in pais*, must be specially pleaded ; otherwise, evidence of them cannot be received. *Bray v. Marshall*, 75 Mo. 327 ; *Noble v. Blount*, 77 Mo. 235, 242.

For the error mentioned the judgment is reversed and the cause remanded. All concur.