CONKEY, Appellant, vs. HAWTHORNE and others, Respondents.

*March 22 — June 22, 1887.*

*Appeal: Estoppel by statements as to title: Fraudulent conveyance.*

1. The finding of the trial court in this case, that the conveyance of land to the defendant was valid as against the creditors of his grantor, *held* to be sustained by the evidence, even though both grantor and grantee had stated that the land belonged to the grantor.

2. A statement by an owner of land that the same belongs to his grantor does not estop him from asserting his title thereto in an

action by a creditor of the grantor to set aside his deed as being given in fraud of creditors, at least when it does not appear affirmatively that such action was brought upon the faith of his statement.

APPEAL from the Circuit Court for *Waupaca* County.

This action was brought to subject to the lien of two certain judgments against the defendant *Hawthorne* twenty acres of land in Outagamie county, the record title to which is in the defendant *Whorton*, under a conveyance thereof executed to him by *Hawthorne*. The grounds of action alleged in the complaint are, in substance, that *Whorton* paid nothing for the land, but holds the title in secret trust for *Hawthorne* (who is insolvent), for the purpose of defrauding the creditors of the latter. After hearing the proofs the circuit judge filed his findings of fact, in which he negatives the existence of the alleged fraud, and judgment was thereupon duly entered dismissing the complaint, on the merits, with costs. The plaintiff appeals from the judgment. The facts disclosed by the proofs are as follows:

*Hawthorne* and *Whorton* (who are brothers-in-law) purchased eighty acres of land in 1861, each paying one-half of the purchase price. The land so purchased was conveyed to *Hawthorne*, who in 1864 conveyed forty acres thereof to *Whorton*. This last conveyance was recorded in 1867. *Whorton* afterwards sold and conveyed twenty acres of the forty; retaining the title to the remaining twenty acres thereof, which is the land affected by this action. The last-mentioned twenty acres adjoins *Hawthorne's* land, and has been occupied and used by him (he paying the taxes thereon) since about 1864. No rent was reserved for the use of the land, and it seems that there was a verbal understanding or agreement between them that *Hawthorne* might purchase the land, if he chose, at a stipulated price, but he never made any payment pursuant to such agreement.

One of the judgments against *Hawthorne* mentioned in

the complaint was recovered in 1870; the other in 1876. It does not appear that the indebtedness upon which either of said judgments was obtained, accrued before the conveyance by *Hawthorne* to *Whorton* of the land in controversy was recorded, or that *Hawthorne* was insolvent at that time, or contemplated incurring debts in the future.

Testimony was given on the trial showing that in 1881, and recently before this action was commenced, *Hawthorne*, when being examined under oath as to his pecuniary responsibility as a surety, stated that he owned the twenty acres of land in controversy. Testimony was also given tending to show that, about the same time, *Whorton* admitted the same fact to an agent of the plaintiff and another. *Whorton* denies, however, that he admitted anything more than that *Hawthorne* occupied the land.

The court refused to find, as requested by the plaintiff, that in July, 1881, and before this action was commenced, *Whorton* stated to Lyman Barnes, the agent of the plaintiff, and to Henry D. Ryan, that *Hawthorne* was the actual owner of the twenty acres of land in question, notwithstanding the title of record was in him ( *Whorton* ); and that *Whorton* was thereby estopped to deny *Hawthorne's* ownership thereof, or to set up any claim to the land.

*John Goodland*, for the appellant, to the point that the defendant was estopped by his statement as to the title of the land, cited 2 Parsons' Cont. 793; 6 Wait's Actions and Defenses, 689; Bigelow on Estoppel, 484; 2 Pomeroy, Eq. Jur. sec. 804; 1 Greenleaf's Ev. 204; *Vilas v. Mason*, 25 Wis. 323; *McLean v. Dow*, 42 id. 610; *Sessions v. Rice*, 70 Iowa, 306.

*John Bottensek*, for the respondents.

LYON, J. Two errors only are assigned. One is that the court erred in negativing the existence of the fraud charged in the complaint; the other is that it was error to refuse to

find *Whorton* estopped by his admissions to assert title in himself to the land which the plaintiff seeks to charge with the lien of her judgments against *Hawthorne*. But little discussion of these alleged errors is required. As to the first, it is enough to say that the testimony strongly preponderates in support of the finding that *Whorton* paid a sufficient consideration for the land, and took the conveyance thereof without any intent whatever to hinder, delay, or defraud the creditors of *Hawthorne*. This abundantly appears from the foregoing statement of the facts of the case. The title was unassailable when he acquired it, and nothing afterwards transpired to render it less so. A finding against its validity could not be upheld without doing violence to the evidence.

As to the alleged estoppel: even though the proofs would sustain the proposed finding of fact as to the statements of *Whorton* which the court refused to find, still such refusal is not a material error, for the reason that, had the fact been found as requested, the estoppel claimed would not result therefrom. If the bringing of this action on the faith of what *Whorton* said about the title can operate as an estoppel against him under any circumstances (a proposition not here decided), it certainly cannot so operate until it shall be made to appear affirmatively that this action was brought on the faith of *Whorton's* alleged representations that *Hawthorne* owned the land in question. The court was not asked to find the existence of this essential element of an effectual estoppel *in pais*, and there is no sufficient evidence to support such a finding had one been asked. If the fact existed, it was susceptible of direct proof, and cannot properly be found upon doubtful or uncertain inference. Had it been found, or had the court been asked to find upon sufficient proof, that this action was brought in reliance upon a statement by *Whorton* that *Hawthorne* was the absolute owner of the twenty acres of land, we should have

the question whether the mere bringing of the action is sufficient to estop *Whorton* to claim for himself ownership of the land. Some of the members of this court incline to the opinion that this question is resolved in the negative by the judgment in *Warder v. Baker*, 54 Wis. 49. For reasons above stated we do not reach that question in the present case, and hence do not determine whether the rule of *Warder v. Baker* is or is not applicable.

*By the Court.*— The judgment of the circuit court is affirmed.