[No. 4839.]

# WM. S. WATSON *v.* THE SAN FRANCISCO AND HUMBOLDT BAY RAILROAD COMPANY.

DEFECTS IN A COMPLAINT.—If several causes of action in a complaint are not separately stated, or if a cause of action stated is against public policy, the defects cannot be taken advantage of by a motion to dismiss the action, or by a motion for judgment on the pleadings.

REVIEW OF EVIDENCE.—The Supreme Court cannot review the evidence unless the bill of exceptions specifies the particulars in which the evidence is alleged to be insufficient to sustain the verdict.

JUDGMENT PAYABLE IN GOLD COIN.—If there is no allegation in the com-
plaint that there was an agreement to pay in gold coin, the court cannot
render a judgment payable in gold coin, even if the verdict of the jury
is for gold coin. The verdict cannot go beyond the issues.

APPEAL from the District Court, Twelfth Judicial District,
City and County of San Francisco.

Action to recover $4973.62, alleged to be due for work
and labor. The jury found for the plaintiff "$4365, gold
coin." The case came up on a bill of exceptions. The
defendant appealed from the judgment and from an order
denying a new trial.

The other facts are stated in the opinion.

*Daingerfield & Olney*, for the Appellant

*Nathaniel Holland*, for the Respondent.

By the COURT:

At the argument, the complaint was assailed on the
ground, first, that the several causes of action are not sep-
arately stated; second, that one of them is *contra bonos
mores*, or against public policy. The only methods to
which the defendant resorted in the court below to test the
sufficiency of the complaint in these particulars, were, first,
a motion to dismiss the action; second, a motion for judg-
ment on the pleadings; both of which were properly denied,
neither being an appropriate method of reaching the ob-
jection.

We cannot review the evidence, there being no specifica-
tion of the particulars wherein it was insufficient to justify
the verdict. But the verdict and judgment are for gold
coin, and there is no allegation in the complaint warranting
a recovery in gold coin. This point was relied upon on the
motion for a new trial, and the court should have modified
the judgment in this particular. It is true, section 664 of
the Code of Civil Procedure requires the judgment to con-
form to the verdict; but if the verdict goes beyond the
issues raised by the pleadings, and passes upon an extra-
neous fact not embraced therein, it is void *pro tanto*, and

the surplus matter may be disregarded in entering the judgment. In this case there was no issue as to whether the plaintiff's demand was payable in gold coin, and the complaint contains no averment on that point. The words "gold coin" in the verdict are, therefore, mere surplusage, and should have been disregarded in entering the judgment.

The judgment and order are affirmed, except in so far as the judgment requires payment in gold coin, and the cause is remanded with an order to the court below to modify the judgment in accordance with this opinion.