89 23
118 643

</div>

[No. 14146. In Bank. — May 4, 1891.]

## CITY AND COUNTY OF SAN FRANCISCO, RESPONDENT, v. PACIFIC BANK, APPELLANT.

BILL OF EXCEPTIONS — GENERAL EXCEPTION TO DECISION — APPEAL — REVIEW OF EVIDENCE. — A bill of exceptions, containing only a general exception to the decision and order of the court for entry of judgment, without any specification of particulars, is insufficient, under section 648 of the Code of Civil Procedure, to authorize the appellate court to examine the evidence for the purpose of determining its sufficiency to justify the findings.

REHEARING. — The supreme court will not consider a petition for a rehearing that attempts to discuss the case upon grounds which were not presented in the original argument or discussed in its opinion.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco.

The facts are stated in the opinion of the court.

*R. B. Mitchell*, and *Henry C. McPike*, for Appellant.

*P. F. Dunne*, for Respondent.

HARRISON, J. — The judgment appealed from must be affirmed. The appeal is directly from the judgment, and is here upon the judgment roll alone. There is a bill of exceptions in the record purporting to contain all the evidence upon which the case was heard in the court below, but it does not contain any specification of errors wherein it is alleged that the evidence is insufficient to justify the decision of the court. Section 648 of the Code of Civil Procedure declares: "When the exception is to the verdict or decision upon the ground of the insufficiency of the evidence to justify it, the objection must specify the particulars in which such evidence is alleged to be insufficient. The objection must be stated with so much of the evidence or other matter as is necessary to explain it, and no more."

The bill of exceptions in the present case does not "specify any particulars" in which the "evidence is alleged to be insufficient" to justify the decision of the court, but at the end thereof, after setting forth the evidence, is found the following statement: —

"The foregoing being all the evidence introduced on the trial, the cause was submitted to the court for decision, and after considering the same, the court filed its findings of fact and conclusions of law, and ordered that judgment be entered in accordance therewith, in favor of the plaintiff and against the defendant, for the whole amount prayed for. To which order and decision the defendant then and there duly excepted."

It has been repeatedly held by this court that such general exception is not a compliance with the foregoing section, and that the court cannot examine the evidence for the purpose of determining its sufficiency to justify the findings, but can only determine whether the findings support the judgment. (*Coveny* v. *Hale*, 49 Cal. 552; *Watson* v. *S. F. & H. B. R. R. Co.*, 50 Cal. 523; *Bonner* v. *Quackenbush*, 51 Cal. 180; *Coglan* v. *Beard*, 67 Cal. 303.)

As the appellant does not question the sufficiency of

the findings to support the judgment, it must be affirmed, and it is so ordered.

DE HAVEN, J., SHARPSTEIN, J., GAROUTTE, J., and McFARLAND, J., concurred.

A petition for a rehearing having been filed, the following opinion was rendered thereon on the 29th of May, 1891:—

The COURT.—A petition for rehearing has been filed in this cause by counsel other than those whose names appear in the record or who participated in the oral argument. In their petition they do not question the correctness of the opinion filed upon the decision of the cause, but ask for a reversal of the judgment upon grounds entirely different from those which were presented at the oral argument or in the briefs then submitted.

Petitions for rehearing are permitted by the rules of the court, for the purpose of correcting any error which the court may have made in its opinion, or of enabling counsel to direct the attention of the court to matters presented at the argument, which may have been overlooked in the decision. When counsel have once argued and submitted a cause for the decision of the court, it must be assumed that they have presented all the reasons upon which they rely for an affirmance or a reversal of the judgment. The court will not consider a petition for a rehearing that attempts to discuss the case upon grounds which were not presented in the original argument or discussed in its opinion. (*Kellogg* v. *Cochran,* 87 Cal. 192.)

Rehearing denied.