(May 28, 1897.)

## BAUMGARTNER v. VOLLMER.

[49 Pac. 729.]

CHATTEL MORTGAGE—ATTACHMENT—ELECTION OF REMEDIES.—When a creditor seeks to subject the property of his debtor to the payment of his claim, upon which property there exists a chattel mortgage, and the creditor, to avail himself of the remedy provided by section 3389 of the Revised Statutes, pays to the mortgagee the amount of such mortgage, such payment by the creditor discharges the mortgage and the lien thereunder; and the creditor cannot thereafter enforce the mortgage lien.

(Syllabus by the court.)

APPEAL from District Court, Latah County.

S. S. Denning, for Appellant.

When the attaching creditor redeemed the property he could only sell under his attachment. (Code, sec. 3389.) When a statute gives a right or a remedy which did not exist at common law, and provides a specific method of enforcing it, the mode of procedure provided by the statute must be strictly pursued. (23 Am. & Eng. Ency. of Law, 402; *People v. Craycroft*, 2 Cal. 243, 56 Am. Dec. 331; *Ward v. Severance*, 7 Cal. 127; *Roberts v. Laudecker*, 9 Cal. 262; *State v. Poultner*, 16 Cal. 516; *Reed v. Omnibus R. R. Co.*, 33 Cal.

212; *Smith v. Omnibus R. R. Co.,* 39 Cal. 281; *Hastings v. Cunningham,* 29 Cal. 137; *Clear Lake Water Co. v. Lake Co.,* 45 Cal. 90.) When the attaching creditor redeemed the mortgaged property from the mortgagees, it became a cancellation of the note and mortgage. Payment of the debt secured by mortgage extinguishes the mortgage. (*McMillan v. Richards,* 9 Cal. 365, 70 Am. Dec. 655, and note; *McCarthy v. Christie,* 13 Cal. 80; *Johnson v. Sherman,* 15 Cal. 287, 76 Am. Dec. 481; *Dutton v. Warschaues,* 21 Cal. 909; *Willis v. Farley,* 24 Cal. 491; *Barber v. Babel,* 36 Cal. 4.) The officer was only ordered by his writ to take such property "as was not exempt by law." (Code, sec. 4305.) What property is exempt in Idaho? (Code, sec. 4480.) And to a farmer. (Code, sec. 4480, subd. 3.) All authorities and text-writers hold the law to be that a party may mortgage his exempt property, and that such encumbrance is not a waiver or abandonment of his right to claim his right of exemption in the property so mortgaged. (Freeman on Executions, 2d ed., secs. 214, 214a; *Collett v. Jones,* 2 B. Mon. (Ky.) 19, 36 Am. Dec. 586; *Voughn v. Thompson,* 17 Ill. 78; *Hill v. Johnston,* 29 Pa. St. 362; *Patten v. Smith,* 4 Conn. 450, 10 Am. Dec. 166; *Washburn v. Goodhart,* 88 Ill. 229; *Haswell v. Parsons,* 15 Cal. 266, 76 Am. Dec. 480.)

Eugene O'Neill, for Respondent.

In general, when any person having a subsequent interest in the premises, and who is therefore entitled to redeem for the purpose of protecting such interest, and who is not the principal debtor primarily and absolutely liable for the mortgage debt, pays off the mortgage, he thereby becomes an equitable assignee thereof, and may keep alive and enforce the lien so far as may be necessary in equity for his own benefit; he is subrogated to the rights of the mortgagee to the extent necessary for his own equitable protection. (*Ellsworth v. Lockwood,* 42 N. Y. 89, 97.) The effect of an equitable assignment by subrogation is to give the person paying the mortgage indebtedness the same rights as under an absolute assignment. (See Pomeroy's Equity Jurisprudence, secs. 1210, 1211, 1213; *Ellsworth v. Lockwood,* 42 N. Y. 89, 97; *Carpenter v. Lang-*

*don,* 16 Wall. 271, 275.) The process is only a mode of enforcing a lien. (*Deering v. Wheeler,* and *Dotson v. Wheeler,* 76 Iowa, 496, 41 N. W. 200, 201.) Where a right existed at common law and a new remedy is given by statute, the new remedy is not exclusive but cumulative. (*Deering v. Wheeler,* 76 Iowa, 496, 41 N. W. 201; doctrine announced in *People v. Craycroft,* 2 Cal. 243, 56 Am. Dec. 33; 2 Cobbey on Chattel Mortgages, sec. 755.) The assignee of the mortgagee has the same rights as the mortgagee, both under the terms and powers in the mortgage contained and under the law. (Rev. Stats., secs. 3360, 3363; Sess. Laws, 1895, pp. 54, 55.) A chattel mortgage is a conditional sale transferring the title to the property. (Jones on Chattel Mortgages, secs. 1, 699; *Bryant v. Carson Riv. Lumber Co.,* 3 Nev. 313, 93 Am. Dec. 403.) Assignment of note secured by chattel mortgage carries with it the mortgage and power of sale in the mortgage and makes it available to the assignee; the power is coupled with an interest. (*Bergen v. Bennett,* 1 Caines Cas. 1, 2 Am. Dec. 281; *Niles v. Ransford,* 1 Mich. 338, 51 Am. Dec. 95; 4 Kent's Commentaries, *147; 1 Devlin on Deeds, sec. 389, and note 5; *Fogarty v. Sawyer,* 17 Cal. 589.)

HUSTON, J.—On the 29th of October, 1894, the plaintiff executed and delivered to the Bank of Genesee and to the Genesee Mercantile Company a joint chattel mortgage to secure the sum of $474.38 on certain personal property; and on the 10th of November, 1894, plaintiff gave to Frank Brothers Company, a private corporation, a chattel mortgage to secure the sum of $260.50. The property described in and encumbered by the foregoing mortgages included all of the personal property of plaintiff exempt from execution under the laws of the state of Idaho. On the seventh day of November, 1894, the defendant commenced an action in the district court for Latah county against plaintiff for the recovery of the sum of $677, besides interest and costs, and did issue an attachment, and caused the same to be levied upon all of the property of plaintiff described in said two mortgages aforesaid. In compliance with the provisions of section 3389 of the Revised Statutes of Idaho, the defendant, at the time of attaching said property, tendered

to the mortgagees in said mortgages the amount due thereon, which sum was accepted by said mortgagees. On the eighth day of December, 1894, the defendant obtained a judgment in said action against the plaintiff for the sum of $677, interest and costs, upon which judgment execution was issued and levied upon said property heretofore described, and the same was noticed for sale, which sale was by direction of the attorney of defendant postponed until the tenth day of January, 1895. That on the twenty-seventh day of December, 1894, the defendant, by Fred W. Piper, his attorney, did deliver to the sheriff of said county copies of said two chattel mortgages, together with the affidavit of said attorney, and directed said sheriff to take possession of the property described in said mortgages, and to sell the same. On the 31st of December, 1894, the plaintiff, by his attorneys, Denning & Wisswell, served written notice and demand upon the sheriff for the delivery of the property so seized by him under said affidavit and notice, upon said chattel mortgages, alleging in said demand and notice the insufficiency of the affidavit, and that the notes to secure which said mortgages were given had been fully paid. On the fourth day of January, 1895, the said sheriff proceeded to sell, and did sell, all of the property described in said mortgages, under and by virtue of the power of sale contained therein. It does not appear that any other or further proceedings were had under said execution, or that any sale was had or made thereunder, or any return made thereof. Plaintiff brings this action to recover from the defendant the value of the property so as aforesaid seized and sold under said chattel mortgages. To the complaint of the plaintiff the defendant interposed a general demurrer, which was sustained by the court, and, the plaintiff declining to further plead, judgment was entered for the defendant, from which judgment this appeal is taken.

Many questions are raised in the briefs of counsel which, in our view of this case, have little bearing in its decision. The only question involved, as we view it, is one of construction of the statute. Section 3389. of the Revised Statutes of Idaho. provides that "all mortgaged personal property may be attached at the suit of any creditor of the mortgagor; such creditor, however, must pay or tender to the mortgagee, the amount due

him on such mortgage before the officer making such attachment is entitled to the actual possession of such property. When the property thus attached and redeemed by the creditor is sold by the officer under due legal proceedings, he must: 1. Pay to such creditor the amount advanced by him to pay the mortgage, with lawful interest thereon; 2. Pay all costs appertaining to the judgment, execution and sale; 3. Pay the judgment creditor the amount of his judgment, and the surplus, if any, to the judgment debtor; if the creditor of the mortgagor prefer, he may cause to be attached the equity of redemption of the mortgagor; such attachment is made by serving upon the mortgagor and mortgagee a copy of the writ of attachment, together with notice signed by the officer that the interest of the mortgagor in such property is attached, when the sale of such equity is made on execution obtained by such attaching creditor, the proceeds must be applied to the payment of the costs and the satisfaction of the judgment, and the remainder, if any, paid to the judgment debtor. The purchaser at such sale is entitled to the possession of the property, subject, however, to the rights of the mortgagee."

It will be seen that under the provisions of this section of the Revised Statutes there are two distinct and separate methods open to the creditor of the mortgagor for the enforcement of his claim. He may elect either, as the exigencies of his case may dictate; but, having elected to pursue one remedy, he cannot, at his own option and in disregard of the defendant's rights in the premises, cease to pursue such remedy, and adopt the other. After having pursued the first remedy provided in section 3389 up to the point of having advertised the sale under the execution, having amassed nearly all the costs essential to the completion of his remedy so adopted, to say that the creditor may arbitrarily abandon such proceedings, and resort to a foreclosure of the mortgages paid by the creditor as a prerequisite to his right to levy his attachment, simply because he could thereby increase the burdens of the defendant or lessen his own, would, in our view, be the very antithesis of "administering the law in justice." In *Cochrane v. Rich,* 142 Mass. 15, 6 N. E. 781, the court says: "The right to make an attachment of mortgaged personal

property is derived from the Public Statutes, chapter 161, section 74 et seq. [a statute substantially the same as that of Idaho]. At common law a mortgagor's interest in such property could not be reached by attachment. The statute points out the method in which such attachment can be made. It can be rendered effectual by the payment of the amount secured by the mortgage upon demand made. The statute treats the payment so made as a redemption of the property, and provides that the proceeds of the sale shall be first applied to repay the attaching creditor the amount paid by him to redeem the property. The purpose of the statute appears to be to redeem the goods and discharge the mortgage so that the attachment may be effectual, inasmuch as the liens respectively created by mortgage and attachment on the same property are essentially different, and cannot coexist. If the mortgage should be assigned to the attaching creditor, he could not hold the mortgage and preserve his attachment. It would be necessary that one of the securities should yield. Either the lien upon the property secured by the mortgage would be void, or the lien by attachment would be void. The assignment could therefore not aid the creditor in securing his debt legitimately. But the statute has made no provision for such an assignment of the mortgage, and contemplates, not the survival of the mortgage, but its discharge." This rule seems to be based upon correct legal principles, and to have the support of pretty much all of the courts where similar statutes exist. (2 Cobbey on Chattel Mortgages, sec. 718, and cases cited in notes.) The payment of the mortgages by the defendant simply gave him the right to enforce his claim under the writ of attachment. The mortgages were, by the payment of the same by defendant, discharged, and it was not within the power of the defendant to revive them, or re-establish a lien thereunder. While it may be, and probably is, the general rule that the assignment or transfer of a debt carries with it the security, such rule has no application to the case under consideration. As said by Mr. Pomeroy (3 Pomeroy's Equity Jurisprudence, sec. 1211), cited in brief of respondent: "Under some circumstances, the payment of the amount due on a mortgage, when made by certain classes of persons, is

held in equity to operate as an assignment of the mortgage.
Counsel here overlooked the exceptions which Professor Pom-
eroy so clearly recognizes. Had the defendant desired to en-
force his claim by attachment, and at the same time preserve
all rights under the mortgages, a method so to do is provided
by said section 3389, to wit, by attaching the equity of re-
demption. He elected, however, to adopt the other method
provided by said section, and, having so elected, he must stay
with it. He cannot "swap horses while crossing a stream."
The complaint stated a good cause of action. The demurrer
should have been overruled. The judgment of the district
court is reversed, and the cause remanded, with instructions
to overrule the demurrer of defendant to plaintiff's complaint,
and for further proceedings consistent with this opinion.
Costs to appellant.

Sullivan, C. J., and Quarles, J., concur.

ON REHEARING.

(July 7, 1897.)

SULLIVAN, C. J.—We have most carefully considered
the petition for a rehearing in this case, and do not find any
cause or reason for granting a rehearing. The facts clearly
show that the appellant attached the personal property in
question, and, in order to obtain possession thereof, paid the
mortgage debt that existed against said property. He did not
purchase the promissory note secured by said mortgage, but
paid it under the provisions of section 3389 of the Revised
Statutes, and thus satisfied said mortgage lien. He could not
thereafter foreclose said mortgage. The debt was paid; the
mortgage lien satisfied. When he had thus paid the mort-
gage debt, the provisions of said section required the proper
officer, after the sale of such property, to "first pay to such
creditor the amount advanced by him to pay the mortgage,"
etc. The petitioner having elected the proceeding that he
would pursue, and pursued it to the extent of paying the
mortgage debt, he cannot revive the mortgage lien and fore-
close the mortgage. Rehearing denied.

Huston and Quarles, JJ., concur.