[Civ. No. 1082.　Third Appellate District.—February 5, 1913.]

ANGELO FLORES et al., Respondents, v. E. F. STONE, and E. F. STONE, as Executor of the Will and Estate of Marie M. Wilson, Deceased, Appellants.

[Civ. No. 1083.　Third Appellate District.—February 5, 1913.]

ANGELO FLORES et al., Respondents, v. E. F. STONE et al., Appellants.

CHATTEL MORTGAGES—RIGHT OF MORTGAGEE TO ATTACH THE PROPERTY FOR UNSECURED DEBT.—While a chattel mortgagee can maintain only one action for the recovery of the debt secured by the mortgage, as provided in section 726 of the Code of Civil Procedure, there is nothing to preclude him from attaching the property for an unsecured debt.

ID.—CREDITOR ATTACHING PROPERTY AND TAKING ASSIGNMENT OF MORTGAGE—FORECLOSURE.—An attaching creditor who, in order to subject property of his debtor on which there is a chattel mortgage, pays the mortgage debt and takes an assignment of the mortgage to himself, does not thereby waive the lien of the mortgage, and he can, upon the abandonment of the attachment suit, foreclose the mortgage.

ID.—REHEARING—POINTS NOT PRESENTED IN BRIEFS.—A rehearing will not be granted to consider points not presented in the briefs or arguments upon which the case was submitted for decision.

APPEALS from judgments of the Superior Court of Sacramento County.　Peter J. Shields, Judge.

The facts are stated in the opinion of the court.

Thomas B. Leeper, for Appellants.

L. T. Hatfield, and V. L. Hatfield, for Respondents.

BURNETT, J.—Each action is for the foreclosure of a chattel mortgage and the two cases involve the same facts except as to the amount of money involved and that in the first cause E. F. Stone is joined as a defendant as executor of the last will and testament of Marie M. Wilson, deceased, but no claim is made against said estate and all right to any personal judgment against said estate is waived.

The cause of action in the two cases grows out of the execution of three notes. The two involved in the first action were executed by defendants E. F. Stone and said Marie M. Wilson, deceased. To secure the payment of such notes said Wilson executed a chattel mortgage covering a large amount of household furniture constituting the equipment of a lodging house carried on by her. The other note was for two hundred dollars and to secure it a chattel mortgage was given by the said defendant Stone on certain livestock therein described, together with any interest in the property described in the other mortgage which might be necessary for the payment of the note after discharging the first obligation. Appellant Stone admits the execution of all of the notes and that default was made in the payment of interest, as claimed in the complaint, and that the amount alleged is due and unpaid.

A few days prior to the commencement of the foreclosure suit, and when neither of the respondents had any interest whatever in either of the said notes or mortgages, the plaintiffs here commenced an action against appellant Stone, in the justice court of Sacramento township, to recover the sum of two hundred dollars, together with interest and costs of suit, upon a debt entirely independent of anything included in either of the mortgages or the notes secured thereby. When the officer made the levy in the attachment suit upon a portion of the property covered by mortgage, for the first time he ascertained that it was subject to said chattel mortgage. Thereafter plaintiffs purchased the notes and mortgages from the holder thereof, taking a formal assignment of them. After having obtained said title, respondents, as aforesaid, commenced actions to foreclose the mortgages. The action brought in the justice's court was continued to judgment in favor of plaintiffs and an execution was issued thereon and levied upon the property, but the property was not sold and the attachment was released, a large part of the property having been claimed as exempt from execution.

The contention of appellant, in brief, is that, plaintiffs having attached the property subject to the mortgage and afterward paying to the mortgagee the amount of the mortgage debt and obtaining an assignment of said notes and mortgages, they thereby waived all right to any lien under the

respective mortgages and that they are therefore estopped from foreclosing the same. This claim is based upon sections 2968 to 2970, inclusive, of the Civil Code and certain decisions of the courts, especially of other jurisdictions, hereafter to be noticed.

It is not disputed that, in this state, the mortgagee does not hold the title to the proprty but he merely has a lien thereon as security for the payment of his debt. (Civ. Code, sec. 2888.) This applies to mortgages of personal as well as of real property. (*Alferitz* v. *Borgwardt,* 126 Cal. 202, [58 Pac. 460].) While the mortgagee, therefore, can maintain only one action for the recovery of the debt secured by the mortgage, as provided in section 726 of the Code of Civil Procedure, there is nothing to preclude him from attaching the property for an unsecured debt. He would not thereby waive his mortgage as there is no inconsistency in the assertion of the two claims. If the mortgage conveyed the title the situation, of course, would be different, as he would be attaching his own property.

The assignee of the mortgage would sustain the same relation to the case and the institution of an action and the levy of an attachment on the property for an unsecured debt could not of itself be deemed a waiver of the lien of his mortgage nor should it deprive him of his right to enforce the payment of the secured debt.

If practicable, only one action should be brought and a needless burden of expense should not be imposed upon the debtor, but it is not perceived how, on principle, if the attachment suit is instituted first, it destroys the lien of the mortgage. In this instance, manifestly, the attaching creditor was not in a position to foreclose at the time the attachment was issued as the assignment of the mortgage was made subsequently.

It is contended, however, that the exclusive course of procedure is prescribed by sections 2969 and 2970 of the Civil Code. Section 2968 provides that mortgaged personal property may be taken under attachment or execution. Then follows section 2969: "Before the property is so taken, the officer must pay or tender to the mortgagee the amount of the mortgage debt and interest, or must deposit the amount thereof with the county clerk or treasurer, payable to the

order of the mortgagee," and section 2970: "When the property thus taken is sold under process, the officer must apply the proceeds of the sale as follows: 1. To the repayment of the sum paid to the mortgagee, with interest from the date of such payment; and, 2. The balance, if any, in like manner as the proceeds of sales under execution are applied in other cases." Two things are thus definitely prescribed, one as a condition precedent to the levy of an attachment or execution, and the other directing the disposition of the proceeds of a sale of the property.

The levy cannot be legally made unless the mortgagee's debt is paid or tendered. This, of course, is for the protection of the mortgagee. If the property is sold the other provision contemplates the reimbursement of the creditor who has been required to pay the mortgage debt. He is not by said law precluded from taking an assignment of the mortgage and mortgage debt, nor does the statute provide that said assignment shall operate as an extinguishment of said debt or mortgage, nor does it necessarily imply that the assignee waives his right to foreclose his mortgage.

It does provide an exclusive course for one who would levy an attachment or execution upon the mortgaged personal property and in some cases, no doubt, the statute should be so construed as to prevent an attaching creditor from bringing another action to foreclose the mortgage which may have been assigned to him. It should be given a reasonable construction and so as to work justice rather than injustice.

According to appellant's view of the law, if the creditor should levy an attachment upon property, after paying off a mortgage debt and taking an assignment thereof, and the property before sale should be successfully claimed as exempt from execution, not only is he thereby thwarted in the assertion of his original demand, but he has no redress for the money he has paid for the mortgage debt. Similarly, no matter what his good faith, the result might follow if the attachment should be dissolved.

In the present case, it is well to observe that the attachment suit was abandoned and the foreclosure of the mortgages undertaken, apparently for the reason that a part, at least—how much does not appear—of the property was claimed as exempt from execution.

Nothing illegal or inequitable is apparent in the conduct of respondents in the premises.

In *Carstenbrook* v. *Wedderien,* 7 Cal. App. 466, [94 Pac. 372], cited by appellant, the mortgage had been released and canceled and the action was for the restoration of the mortgage and foreclosure and for subrogation of the attaching creditor to the rights of the mortgagee. It was held that no equitable facts were shown to justify th'e action and that it did not appear that the legal remedy was inadequate or inoperative. The expressions found in the opinion must, of course, be viewed in the light of the peculiar facts of the case.

The following cases, however, are cited by appellant that favor his contention.

In *Baumgartner* v. *Vollmer,* 5 Idaho, 340, [49 Pac. 729], the supreme court of Idaho held that ''When a creditor seeks to subject the property of his debtor to the payment of his claim, upon which property there exists a chattel mortgage, and the creditor, to avail himself of the remedy provided by section 3389, Revised Statutes, pays to the mortgagee the amount of such mortgage, such payment by the creditor discharges the mortgage and the lien thereunder and the creditor cannot thereafter enforce the mortgage lien.'' The said section 3389, it may be stated, is similar to the provisions of our statute hereinbefore quoted.

The same view was entertained by the supreme court of Oklahoma, in the case of *Dix* v. *Smith,* 9 Okl. 124, [50 L. R. A. 714, 60 Pac. 305], wherein it is declared that ''Where a creditor brings suit against his debtor, and sues out a writ of attachment, but before levying the same learns that the debtor's property is covered by a chattel mortgage, and upon receiving such information buys the chattel mortgage debt, and has the mortgage assigned to himself, and thereafter causes said property to be seized under such attachment, he thereby waives his lien under the chattel mortgage; and in case the attachment is discharged either by the court on the trial or by appealing from the judgment of the trial court and executing an appeal bond, the creditor cannot maintain an action in replevin to secure the possession of the mortgaged property, so that he may foreclose his mortgage for the reason that the mortgage lien is waived by the attachment of the property covered thereby.''

A similar doctrine is announced in *Evans* v. *Warren*, 122 Mass. 303.

The courts of several other jurisdictions, however, have. taken an entirely different view of the question. Some of them are cited in *Byram* v. *Stout*, 127 Ind. 195, [26 N. E. 687], wherein the supreme court of Indiana says that the authorities holding that there is a waiver of the mortgage lien "depend upon a mere legal technicality, and not upon any principle in equity" and, in the opinion, attention is called to the fact that the leading case of *Evans* v. *Warren*, 122 Mass. 303, is based upon the ground that in that state the mortgagor's equity of redemption is not subject to attachment and for that reason it was held that the liens created by the attachment and the mortgage respectively cannot coexist.

The subject is extensively reviewed in the note to *Dix* v. *Smith*, reported in 50 L. R. A., p. 714, wherein the author says that the decision in the Dix case, "while the logical result of the view taken of the nature and effect of a chattel mortgage, and of the construction placed upon the statute governing attachments, rests upon strictly technical grounds. To render applicable the theory of the case, that the lien of a chattel mortgage and the lien of an attachment are inconsistent and cannot coexist, since the first imports legal title in the mortgagee and the second legal title in the mortgagor, not only the common law doctrine that a chattel mortgage operates to transfer the legal title to the mortgagee, but also the common law rule that a mere equitable right, such as the equity of redemption remaining in the mortgagor, is not subject to levy, must have been left undisturbed, both by statute and judicial decision."

The most recent decision, probably, on the subject is *Stein* v. *McAuley*, 147 Iowa, 630, [140 Am. St. Rep. 332, 27 L. R. A. (N. S.) 692, 125 N. W. 336], wherein the supreme court of Iowa repudiates the doctrine of the Dix case and declares that "Even in those states which adhere to the doctrine of waiver it is generally held if the title be in the mortgagor, and there be an equity of redemption subject to levy, there is no inconsistency between the two liens, and that an attachment of the property does not amount to a waiver of the mortgage lien." We agree with the latter decisions.

The tender of appellant was not made until after suit for a foreclosure was brought and it was insufficient for the reason that he declined to make any allowance for the attorney fee provided in said mortgage.

It was not necessary to present the claim to the executor of the estate of said Marie Wilson, deceased, as respondents brought themselves within the exception provided in section 1500 of the Code of Civil Procedure.

The judgment in each case is affirmed.

Chipman, P. J. and Hart, J., concurred.

Petitions for a rehearing of these causes were denied by the district court of appeal on March 6, 1913, and a petition to have the causes heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 5, 1913, and the following opinion then rendered in each case:

THE COURT.—In this case a rehearing in the supreme court is asked on several grounds, some of which are not mentioned in the briefs, but are first raised in the petition to the district court of appeal for a rehearing in that court. It is our settled rule not to grant a rehearing to consider points not presented in the briefs or arguments upon which the case was submitted for decision. (*Payne* v. *Treadwell,* 16 Cal. 247; *Kellogg* v. *Cochran,* 87 Cal. 200, [12 L. R. A. 104, 25 Pac. 677]; *San Francisco* v. *Pacific Bank,* 89 Cal. 25, [26 Pac. 615, 835]; *Wilcox* v. *Luco,* 118 Cal. 643, [62 Am. St. Rep. 305, 45 L. R. A. 579, 45 Pac. 676, 50 Pac. 758].)

The petition for rehearing is denied.