[Civ. No. 1310. First Appellate District.—September 22, 1914.]

ANNIE CAIN, Respondent, v. HENRY FRENCH, Appellant.

PROMISSORY NOTE—UNDUE INFLUENCE AND WANT OF CONSIDERATION—ACTION FOR CANCELLATION—SUFFICIENCY OF EVIDENCE.—In this action for the cancellation of a promissory note which the plaintiff contends was executed without consideration and as the result of undue influence, and which the defendant contends was accepted by him as a compromise of his claim against the plaintiff for legal services rendered by him for her, the evidence is sufficient to support the general verdict in favor of the plaintiff on the issue of want of consideration, and any inquiry into the sufficiency of the evidence on the issue of undue influence therefore becomes unnecessary.

ID.—REHEARING OR TRANSFER OF CASE—POINTS THEN RAISED FOR FIRST TIME.—Points raised for the first time in a petition for rehearing or for a transfer to the supreme court will not be considered by the court of appeals.

APPEAL from a judgment of the Superior Court of Santa Clara County and from an order refusing a new trial. P. F. Gosbey, Judge.

The facts are stated in the opinion of the court.

Henry French, *in pro. per.,* for Appellant.

W. A. Beasly, for Respondent.

KERRIGAN. J.—The appeal in this case was taken to this court, and an opinion rendered and filed; but it appearing upon a petition for transfer to the supreme court that the action was one in equity, of which the appellate jurisdiction is in the supreme court, the petition for transfer was granted upon that ground. The case was subsequently by the supreme court transferred to this court for decision.

After a careful re-examination of the record and briefs, we are satisfied with the views expressed in our opinion heretofore filed, to which we adhere. That opinion is as follows:

"This is an action brought by the plaintiff against the defendant for the cancellation of a promissory note dated October 19, 1909, for $400. In addition to his answer denying the averments of the complaint defendant filed a cross-complaint, in which he prayed for judgment against the plaintiff for the amount of the note and costs. An answer to the cross-complaint was served and filed.

"The pleadings presented two issues, to wit, Was there a consideration for the note? (2) Was Annie Cain's signature to the note procured by undue influence?

"The case was tried before a jury, which returned a special and also a general verdict, finding both issues in favor of the plaintiff. Findings of facts and conclusions of law were filed; a motion for a new trial was denied, and the case is here on an appeal from the judgment and order denying said motion.

"According to the story told by the defendant the plaintiff called on him at his law office in June, 1907, and stated to him that her uncle, a man of advanced age, with whom she had lived for 21 years, working hard for him during that time, had entirely changed his attitude toward her, and that she feared, from things he had said, that he would revoke a testamentary disposition theretofore made in her favor; that she instructed the defendant to interview her uncle, and if possible to persuade him to modify his attitude toward her, and either pay her for the services rendered him, or, in order that she might not be subject to his whims, to induce him to secure to her some of his property in recognition of her 21 years of service. That accordingly defendant interviewed plaintiff's uncle, and persuaded him to make her an absolute deed of 75 acres of land in the Santa Clara Valley, worth over $200 per acre. The evidence introduced by the defend-

ant showed also that he rendered her other services, all which defendant claimed were worth more than the amount of the promissory note given to him by plaintiff, and that the note was accepted by him as a compromise of his original claim for fees.

"The evidence introduced by the defendant in support of his answer to the complaint tended to show that he sent his agent to the plaintiff a few days before the time when his claim for services rendered her would be barred by the statute of limitations; that at that time plaintiff stated that she was unable to pay the amount demanded, or any substantial amount, and that it was finally agreed between her and the agent that defendant would accept her promissory note for $400 in payment for said services; that plaintiff was in good health, and knew exactly what she was doing; that moreover no undue influence was attempted or exercised upon her.

"On the other hand plaintiff testified, on the subject of defendant's services, that she applied to him not as an attorney but as an old friend of her uncle, and so stated to him at the time, and that her request to him was to intercede in her behalf with her uncle for permission to take a vacation, she being ill and needing a rest; that he did render her some service in this regard, and that she paid him for the same. She further testified that the defendant was instructed by her uncle to draw up a deed conveying to her his farm, which deed was to be substituted for some other form of disposition of the property which had theretofore been made to her; that she and her uncle called several times at the offices of the defendant for this deed, but being unable to find him in they finally went to another lawyer and employed him to draw the required instrument, by which there was conveyed to plaintiff by her uncle the land mentioned, which deed was duly executed and recorded; that the defendant was paid for his services concerning the deed, and his receipt therefor taken. In brief, as to this branch of the case, plaintiff's testimony is to the effect that the defendant was paid in full for all services rendered by him to her and her uncle.

"On this subject of the consideration for the note there is sufficient evidence given by the plaintiff to support the general verdict of the jury in her favor. Irrespective, then, of plaintiff's allegations of the employment by the defendant of undue influence in procuring the execution of the note, the

defendant could not recover thereon. It becomes, therefore, unnecessary to go into a discussion of the evidence as to such undue influence upon which the special verdict, of the jury was founded.''

In the petition for transfer to the supreme court we note that several points are made which were not theretofore raised. These we think are without substantial merit; but in any event points raised for the first time in a petition for rehearing or for transfer will not be considered. (*Payne* v. *Treadwell,* 16 Cal. 221; *Kellogg* v. *Cochran,* 87 Cal. 192, [12 L. R. A. 104, 25 Pac. 677]; *San Francisco* v. *Pacific Bank,* 89 Cal. 23, [26 Pac. 615, 835].)

The judgment and order are affirmed.

Lennon, P. J., and Richards, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on November 21, 1914.