Gillespie v. Lovell.

G. W. GILLESPIE, *et al.*, v. JULIUS LOVELL, *et al.*

1. MOTION TO DISSOLVE ATTACHMENT; *Practice*; *Filing Motion*. When a motion to dissolve an attachment is made before the judge at chambers, it is not necessary that the motion be first filed with the clerk of the court. When an order of the district judge at chambers, sustaining or dissolving an attachment is made, it, together with the motion, is then filed with the clerk of the court, and becomes a part of the record.

2. ORDER OF ATTACHMENT—*In what cases allowed.* An order of attachment may be issued on proper affidavit, in an action "for the recovery of money" due on an account and to foreclose a mechanic's lien for the amount so claimed to be due.

*Error from Atchison District Court.*

GILLESPIE, BYRAM & Co., partners, commenced an action against *Julius Lovell* and *Abram Boehm* to recover $812 due upon an account "for labor performed and materials furnished by plaintiffs to defendants," and by defendants used in the erection of a certain building, etc. The petition set forth all necessary facts respecting contract, ownership and description of land, filing statement, etc., and demanded judgment for the said sum of $812, and interest, " and that said sum be adjudged and decreed " a lien upon the said described premises, and that said " premises may be ordered to be sold and the proceeds " applied to the payment of said principal sum, and in- " terest and fees, and costs of suit, and that execution be " awarded for the balance remaining due and unpaid." The plaintiffs at the commencement of the action also filed an affidavit for an order of attachment against the property of the defendants, setting forth the nature of the claim, the amount, that it is just, etc., and alleging as

grounds for the attachment that " by the terms of said " contract between plaintiffs an ddefendants, the defen- " dants were bound to pay for all of said boards, shingles " and lumber upon delivery." The order of attachment was issued and served. The defendants served plaintiffs with notice of a motion to dissolve the order of attachment, " to be heard before the Judge of the District Court at chambers," etc., but did not file said notice, nor their said motion, in the office of the clerk of the district court before the hearing thereof. The motion was based upon plaintiffs' affidavit and the papers in the case, and defendants claimed that " the action is not one " in which plaintiffs are entitled to an attachment, be- " cause plaintiffs are seeking to foreclose a mechanic's " lien, and having selected their remedy in equity are " not entitled to an order of attachment." At the time fixed the parties appeared before the judge at chambers. Said motion was heard, and the record shows that the district judge " finds that said action is to enforce a me- " chanic's lien, and thereon decides that no attachment " could issue in the action," and thereupon ordered " that the said order of attachment be dissolved, and the at- tached property discharged." Plaintiffs excepted; and they bring the case here, alleging that there was error in the hearing of said motion before the same was filed in the clerk's office, and also in sustaining the motion and dissolving the attachment.

*W. W. Guthrie,* for plaintiffs in error:

1. Every proceeding affecting the rights of a party is necessarily the subject of record; and this applies to cases in which by special statute jurisdiction is conferred upon a judge in vacation, equally as to proceedings before the court in term time.

The motion and notice of hearing not being filed and made matters of record, there was nothing before the judge upon which he could act.      .  . .

2. Attachment lies in every case in a "civil action for the recovery of money." Civil code, § 190; Laws of 1870, p. 171, § 4. The case of *Treadway v. Ryan*, 3 Kas., 437, in principle decides this case in favor of plaintiffs.

The true meaning of our code is, that when the plaintiff has a civil action which will be satisfied by the payment of money, he is entitled to an order of attachment to secure the payment. By § 399, p. 705, a personal judgment may be rendered in any action to enforce "a mortgage *or other lien;*" and such judgment is a judgment-lien, under § 419, as if no special lien was sought to be enforced. 10 Ohio St., 437, 438; 2 Black, U. S., 438.

A mechanic's lien under our law is an involuntary mortgage. And it is clear, that if a judgment-lien would attach to real estate, personalty would be subject to attachment in such a case.

*C. G. Foster*, for defendants in error :

1. In an action to foreclose a mechanic's lien, the plaintiffs · cannot have an order of attachment. The plaintiffs have elected to seek their remedy by a proceeding in equity against specific property, and they cannot change the nature of the proceedings.

Section 190 of our civil code has reference to what were actions at law, and in which the right of trial by jury existed, and not to actions in equity. The words, for the "recovery of money," and for the "recovery of money only," have obtained a definite and well-settled signification. As used in the statute they are synonymous terms, and have reference to actions at law, as distin-

guished from proceedings in equity. *West v. Brewster*, 1 Duer, 648; Seney's Code, p. 79, note 11.

Section 266 of the code gives the right of trial by jury in actions for the "recovery of money," using the same terms as § 190, thus showing those words to mean common-law actions. Nash's Pr., p. 781, and p. 797, note *B.*

Equitable actions are not sufficient to ground an attachment upon. Drake on Attachment, § 9.

2. Attachment is a provisional remedy given in certain cases, where the plaintiff is in danger of losing his debt, that he may have security for the payment of his judgment; and even in such cases the plaintiff is not permitted to make excessive levy, but can only attach sufficient property to pay his debt, and the probable costs. In the case at bar the plaintiffs had a lien on real estate and buildings, and the defendants were in default, thereby confessing that it was a lien upon the property and buildings described in the plaintiffs' petition. There is therefore no just ground for an attachment. But in any event they must exhaust the property which is pledged, or show it is insufficient to pay their debt.

The opinion of the court was delivered by

VALENTINE, J.: This was an action on an account and to enforce a mechanic's lien for the amount of such account. An attachment was also issued in the case on an affidavit of the plaintiffs. The defendants moved the judge of the court below, at chambers, to dissolve the at-

1. Attachment; motion to dissolve; practice. tachment, and the motion was sustained. There are two questions in this case: *First,* Can a motion to dissolve an attachment be made before the district judge, at chambers, without first filing the same with the clerk of the court? *Second,* Can an order

of attachment be issued in an action on an account, and to foreclose a mechanic's lien? Both of these questions must be answered in the affirmative. When an order of the district judge, at chambers, sustaining or dissolving an attachment is made, it, together with the motion, is then filed with the clerk of the court, and becomes a part of the record.

The second is the principal question in the case. Under § 190 of the civil code, (Laws of 1870, p. 171,) the plaintiff may have an attachment in every "civil action for the recovery of money." The enforcement of a mechanic's lien is, under said code, a "civil action:" § 634, Gen. Stat., p. 756, and is "for the recovery of money." The *debt* upon which the action is brought is the real subject of the action, and the mechanic's lien is simply subservient and auxiliary thereto; and the judgment rendered in such an action is not merely a judgment of foreclosure, but it is a *personal judgment* against the debtor for the amount of the debt, with interest, and the property upon which the lien exists is ordered to be sold to satisfy said judgment: civil code, § 399, Gen. Stat., p. 705; Laws of 1870, p. 175, § 13. If this was purely a suit in equity to foreclose a mechanic's lien, a suit in which no personal judgment could be rendered, probably an attachment would not lie; but as it is not such a suit, as it is an action in which a personal judgment is allowed by law, a judgment that will not only reach the property upon which the mechanic's lien exists, but will also reach all the property of the judgment-debtor not exempt by law from execution, a judgment upon which an ordinary execution may be issued, there seems to be no good reason why an attachment may not be issued in this case as in other cases. The language of the statute is certainly broad enough. Will it

*2. In what case attachment allowed.*

be supposed that such a judgment, as the one rendered in mechanic's lien cases, would not, when rendered, be a lien, the same as other personal judgments, upon all the real estate of the judgment-debtor subject to execution, that which is free from the mechanic's lien as well as that which is subject to it? Will it be supposed that the plaintiff would not have the same right to an attachment and garnishment upon such a judgment, after the property subject to the mechanic's lien had been exhausted, as he would have upon any other judgment? The language of the code prescribing in what actions trials by jury may be had, is precisely the same, so far as it affects this case, as the language prescribing in what actions attachments may be issued : Comp. Laws, 168, § 274; Gen. Stat., 680, § 266; id., 664, § 190; Laws of 1870, p. 171, § 4. Trials by jury and attachments are both allowed in "actions for the recovery of money." It is conceded that under said code parties are not entitled as a matter of right to a trial by jury in ordinary equity proceedings. It is therefore claimed by counsel for defendants, that the plaintiffs are not entitled to an attachment in this case. The logic of counsel fails, because this is not an ordinary equity proceeding. It has already been decided by this court, that in an action to foreclose a mortgage, where the plaintiff claims a personal judgment for money, the defendant is entitled to a jury trial. The equitable action of foreclosure is, in such a case, converted into a legal action. This court has also decided that in an action to foreclose a mechanic's lien, if the plaintiff fail in establishing the lien, he is nevertheless entitled to a personal judgment for the amount due to him: *Haight v. Schuck*, 6 Kas., 192. This decision would be erroneous if the foreclosure of a mechanic's lien were purely an equitable action, or if the enforcement of the lien were the main

object of the action, for in such a case, if the lien should fail, the action would go with it.

It seems to be conceded by the defendants that the affidavit upon which the attachment was issued is sufficient; hence the motion to dissolve the attachment was not based upon any supposed deficiency in the affidavit, but it was based upon a fact (that the action was " to foreclose a mechanic's lien,") to be shown by the *other* *papers* in the case: Gen. Stat., 673, § 229. The defendants chose to rest their motion to dissolve the attachment upon the sole ground that an attachment does not lie in an action to foreclose a mechanic's lien. They did not attempt to show that the lien itself was a sufficient security for the plaintiffs' claim, and they objected to the plaintiffs showing that it was not a sufficient security. They objected to the plaintiffs showing that in fact they had no lien at all, and therefore that they had no security whatever, and the judge below sustained the objection. It will be conceded that if it had been shown that the lien itself was a sufficient security for the plaintiffs' claim, it would have been the duty of the court below, or judge, to dissolve the attachment. In fact, it is even probable that when the question is properly raised it devolves upon the plaintiff to show that the lien is not a sufficient security, or else it will be the duty of the court or judge to dissolve the attachment. It can hardly be supposed that the law intends to give to the plaintiff a double security. The order of the judge below must be reversed.

All the Justices concurring.