PAIGE R. COCHRANE *vs.* ISAAC B. RICH & another.

Suffolk. April 1. — May 8, 1886. W. ALLEN & HOLMES, JJ., absent.

An attaching creditor of personal property, who, after a demand by a mortgagee of the amount due him upon his mortgage, which includes said property and other articles exempt by law from attachment, tenders the amount due the mortgagee, cannot maintain a bill in equity to compel the mortgagee to assign the mortgage to him.

BILL IN EQUITY, against Isaac B. Rich and Lizzie S. McKenney, to obtain the assignment of a mortgage. The case was heard in the Superior Court by *Blodgett*, J., who reported the case for the determination of this court, in substance as follows:

Certain household furniture, a part of which was exempt by law from attachment, had been attached in the house of the defendant McKenney, and the portion not exempt had been removed therefrom by the officer who made the attachment, on a writ in favor of the plaintiff; the defendant Rich held a mortgage covering all of said household furniture, and was ready to accept the amount tendered by the attaching creditor; and the only

question in controversy was whether the attaching creditor, by making such tender, was entitled to an assignment of the mortgage. The judge ruled that he was not entitled to such assignment, and dismissed the bill.

*H. L. Baker & G. E. Curry*, for the plaintiff.

*A. Russ*, for the defendants.

GARDNER, J. The right to make an attachment of mortgaged personal property is derived from the Pub. Sts. c. 161, §§ 74 & *seq.* At common law, a mortgagor's interest in such property could not be reached by attachment. *Badlam* v. *Tucker*, 1 Pick. 389. The statute points out the method in which such attachment can be made. It can be rendered effectual by the payment of the amount secured by the mortgage upon demand made. The statute treats the payment so made as a redemption of the property, and provides that the proceeds of the sale shall be first applied to repay the attaching creditor the amount paid by him to redeem the property. The purpose of the statute appears to be to redeem the goods and discharge the mortgage, so that the attachment may be effectual, inasmuch as the liens respectively created by mortgage and attachment on the same property are essentially different, and cannot coexist. *Evans* v. *Warren*, 122 Mass. 303.

If the mortgage should be assigned to the attaching creditor, he could not hold the mortgage and preserve his attachment. It would be necessary that one of the securities should yield. Either the lien upon the property secured by the mortgage would be void, or the lien by attachment would be void. The assignment therefore could not aid the creditor in securing his debt legitimately. But the statute has made no provision for such an assignment of the mortgage, and contemplates, not the survival of the mortgage, but its discharge. We see no reason in equity why the mortgage should be assigned to the attaching creditor.                    *Bill dismissed.*