HENDERSON v. McMAHILL *et al.*

Estoppel: OF GARNISHEE TO DENY INDEBTEDNESS : REPRESENTATIONS LEADING TO SUIT. A garnishee in an attachment suit induced the plaintiff to begin the action and to garnish him, by representing that he was indebted to defendant in the action, thus leading the plaintiff to incur trouble and expense which would be lost unless recovered through the garnishee. *Held* that the garnishee was not thereby estopped to deny his indebtedness to defendant,—his liability to plaintiff being, at most, the actual expenses incurred by the latter in reliance upon the representations.

*Appeal from Page District Court.*—HON. A. B. THORNELL, Judge.

FILED, SEPTEMBER 10, 1888.

THE facts are stated in the opinion.

*W. P. Ferguson* and *Benj. Todd*, for appellants.

*C. S. Keenan*, for appellee.

SEEVERS, C. J.—The plaintiff commenced this action against the defendant, and caused the defendant Prestman to be attached as garnishee. The latter appeared, and denied being indebted to defendant. The plaintiff controverted the answer of the garnishee, and pleaded that he was estopped from denying that he was indebted to defendant, on the ground that plaintiff commenced this action on the faith of the representations made by the garnishee. There was a demurrer to such pleading, which was sustained, and, as the amount in controversy was less than one hundred dollars, we are required to determine the following questions certified

by the trial judge: "A party, for the sole purpose of inducing the plaintiff to sue out an attachment against the defendant, and have himself garnished as debtor of defendant, represented to plaintiff that he held funds of defendant liable to garnishment, which plaintiff might secure by such process. The plaintiff, relying solely on such representations, made at and prior to the service of the garnishment, commences and prosecutes suit by attachment against defendant, which is served by garnishment of garnishee, thereby incurring expense and trouble, which will be lost if garnishee is permitted to deny the truth of such representations. The question is, do such facts estop the garnishee from afterwards denying indebtedness or liability to defendant? If yes, this cause should be reversed. If no, then affirmed." The plaintiff's debt against defendant still exists. It is true, he incurred costs, and was put to trouble, but we are not asked whether he can recover such costs, but whether the garnishee can deny the indebtedness. We think he can, if such is the truth. He is at most only liable to the extent the plaintiff has suffered loss in reliance on the representations, and this is the extent of the estoppel. *Lewis v. Prenatt*, 24 Ind. 98. The question propounded must be answered in the negative, and the judgment of the district court                    AFFIRMED.