THE STATE BANK OF CLYDE V. F. J. MOTTIN *et al.*

1. ATTACHMENT *by Chattel Mortgagor.* A creditor holding a chattel mortgage, as security for his debt, upon property belonging to the debtor, can maintain an attachment against the same and other property of the debtor.
2. ——— *Partial Discharge.* But if such a chattel mortgage is ample security to pay the creditor's claim in full, together with the interest and costs, the district court, or judge thereof, may, upon proper application therefor, discharge so much of the property not included in the chattel mortgage as is not necessary to satisfy the claim of the creditor.

*Error from Cloud District Court.*

THE opinion states the facts.

*Pulsifer & Alexander,* for plaintiff in error.
*Theodore Laing,* for defendants in error.

The opinion of the court was delivered by

HORTON, C. J.: The questions involved in this case are similar to those just decided in *J. L. Shellabarger et al. v. F. J. Mottin et al.,* with one exception. In this case it is alleged that the State Bank of Clyde had, at the time of the issuance of its attachment, a chattel mortgage on the stock of goods of the Mottin Bros., worth $9,991.51, to secure its debt of $3,500. Therefore, it is urged, as it had ample security for its claim, it ought not to have an attachment. All of the authorities under statutes similar to our own are to the effect that a creditor holding collateral security for his debt upon property belong-

ing to the debtor can maintain an attachment against the same and other property of the debtor. (*Gillespie v. Lovell*, 7 Kas. 419; *Deering v. Warren* [S. D.], 44 N. W. Rep. 1068; *Cleverly v. Brackett*, 8 Mass. 150; *National Bank v. Rehm* [Ill.], 18 N. E. Rep. 788; Drake, Attach., § 35; Wade, Attach., § 19.) The trial court heard this case and the several cases referred to in the opinion of *Shellabarger v. Mottin*, supra, at the same time and upon the same evidence. C. W. Van DeMark, the assignee, was not a party to the motion. It is therefore apparent that the court below vacated and dissolved this attachment, as in the other cases in which there was no chattel mortgage, regardless of the mortgage. If the chattel mortgage executed to the State Bank of Clyde is a valid lien upon the property therein described, and is sufficient security for its debt of $3,500, interest and costs, then, although for the same reason stated in the opinion referred to, there was ground for the issuing the attachment against the Mottin Bros., C. W. Van DeMark, the assignee, or any other party interested, would be entitled, upon his own motion, to have so much of the property, not embraced in the chattel mortgage, discharged from the attachment as is not needed for the payment of the claim. It was said in *Gillespie v. Lovell*, supra, that "it can hardly be supposed that the law intends to give the plaintiff a double security."

The order of the district court will be reversed, and the case remanded for further proceedings in accordance with the views herein expressed.

All the Justices concurring.