BLOTCKY BROS., Appellees, v. JAMES O'NEILL, Sheriff, Appellant.

1. **Attachment:** LEVY ON MORTGAGED CHATTELS: TENDER TO MORTGAGEE. A tender to the mortgagee of the amount due under a chattel mortgage, or the deposit of such sum with the clerk of the district court, by an attachment or execution creditor after the levy of his attachment or execution upon the mortgaged chattels, will not make such levy valid.

2. ———: ———: ———: RIGHT OF POSSESSION. After acquiring title to a chattel mortgage the plaintiffs caused execution to issue upon a judgment held by them against the mortgagor, and had the same levied upon the mortgaged property. Afterwards they served notice of their ownership of said property under said mortgage, and demanded the possession thereof, and its release from levies of execution and attachment in favor of certain other creditors of the mortgagor. *Held*, that the plaintiffs were entitled to the possession of said property by virtue of said mortgage, but that their demand upon the sheriff for possession operated as an abandonment of their levy upon the property under said execution, and left the property freed from all the writs in the sheriff's hands.

*Appeal from Pottawattamie District Court.*—HON. H. E. DEEMER, Judge.

WEDNESDAY, OCTOBER 21, 1891.

ACTION to recover possession of a certain stock of merchandise. There was a trial to the court, resulting in a judgment for the plaintiffs. The defendant appeals. *Affirmed.*

*Flickinger Bros.*, for appellant.

*Shea & Calvin*, for appellees.

GIVEN, J.—This action was commenced March 9, 1889, and the questions involved are the sufficiency of the notices of ownership served by the plaintiffs upon the defendant, and whether the plaintiffs were entitled

to the immediate possession of the stock of merchandise in controversy at the time of the commencement of this action. The facts material to the determination of these questions are as follows: On the eleventh day of January, 1889, one M. Seipel, being the owner and in possession of the stock of merchandise, executed and delivered to the bank of Neola a chattel mortgage on said stock, which was duly recorded on the same day. On the following day, J. R. Sneider, a creditor of Seipel, caused a writ of attachment to be levied on said stock; and on the same day McCord, Brady & Co. and the Kilpatrick-Koch Dry-Goods Company, also creditors of Seipel, caused executions upon judgments that day rendered in their favor against Seipel to be levied upon the same property. These writs were all placed in the hands of the defendant as sheriff, and levied by him. On the sixteenth day of January following, between eleven and 11:30 o'clock in the forenoon, Henry W. Price, also a creditor of Seipel, tendered and paid to Walter I. Smith, attorney for the bank of Neola, at Council Bluffs, the amount due on said mortgage, and took an assignment of the same, as provided for in chapter 117, Acts of the Twenty-First General Assembly, Smith being theretofore authorized by the bank to accept such a tender. In the afternoon of the same day, and after tender to Smith had been accepted and the assignment made, a tender was made at Neola to the cashier of the bank for the benefit of Sneider, McCord, Brady & Co. and Kilpatrick-Koch Dry-Goods Company, which tender was refused upon the grounds that the bank did not then have the mortgage at Neola. On January 17, 1889, Price assigned the mortgage to the plaintiffs under said chapter 117, and on the same day Price and the plaintiffs each obtained judgment against Seipel, and caused executions to issue thereon, which were placed in the hands of the defendant as sheriff, and by him levied upon the stock of merchan-

dise subject to the three former levies. Price assigned
his judgment to the plaintiffs. On the eighth day of
March, 1889, the plaintiffs served three notices of
ownership upon the defendant, which will be hereafter
more particularly noticed, and on the following day,
March 9, 1889, commenced this action. On July 20,
1889, after judgment was pronounced in favor of the
plaintiffs, and finding that their interest in the property
was two hundred and ten dollars, defendant moved the
court to require the plaintiffs to accept the tender and
costs, on deposit in the court in satisfaction of their
interest in the property, to which motion was attached
a certificate of the clerk that the defendant had deposited
in his hands, for the plaintiffs, two hundred and twenty-
five dollars. This motion was overruled, to which the
defendant excepted.

I.   There is no dispute as to any material facts,
and they are substantially as we have stated. The gist

1. ATTACHMENT: levy on mortgaged chattels: tender to mortgagee.

of the action is as to the plaintiffs' right
to the immediate possession of the
property at the time this action was
commenced, March 9, 1889. That right must be
determined by the facts as they then existed, and
cannot be established or defeated by subsequent acts.
The errors assigned involve substantially the merits of
the case, which are whether the plaintiffs, as attaching
creditors under the assignment of the mortgage, were
entitled to the possession, or whether the defendant
sheriff, under the writs in his hands, and the levies
thereof, was entitled to the possession. Both parties
rest their claim to possession upon the provisions of
chapter 117, Acts of the Twenty-first General Assembly.
Prior to that enactment mortgaged property was pro-
tected from seizure or lien by attachment or execution,
and the only process by which a creditor of the mort-
gagor could subject any surplus in the hands of the
mortgagee was by garnishment. By garnishment he

acquired no right against the property, but only against
the garnishee individually to the extent of the surplus.
*Buck-Reiner Co. v. Beatty*, 82 Iowa, 353.   It is also
held in that case that the remedy provided in chapter
117 is not to the exclusion of the right by garnish-
ment.   Section 1, chapter 117, provides "that personal
property not exempt from execution, hereafter mort-
gaged, or heretofore mortgaged, when the debt secured
thereby is due, may be taken on attachment or execu-
tion issued at the suit of a creditor of a mortgagor; but
before the property is so taken the officer or plaintiff
must pay or tender to the holder of the mortgage the
amount of the mortgage debt and interest accrued, or
must deposit the amount thereof with the clerk of the
district court of the county wherein the mortgaged
property is found, payable to the order of the holder of'
the mortgage;   *   *   *   and when such sums are
tendered to the holder of the mortgage, or deposited
with the clerk, the attaching creditor shall be subro-
gated to all the rights of the holder of the mortgage;
and the proceeds from the sale of the mortgaged
property shall go first to the discharge of such indebted-
ness and costs of execution; provided, however, that if
the judgment debtor shall pay the debt for which the
attachment or execution was issued the property shall
be released, and the creditors shall be entitled to receive
money deposited to pay the mortgage debt, and shall
have no right or interest in the mortgage, or in the
mortgaged property."   While the question is as to the
plaintiffs' right of possession, the right of the defend-
ant is discussed as counter thereto, and as showing
that the plaintiffs were not entitled to possession.

The defendant, as sheriff, had levied an attachment
in favor of Sneider, and executions in favor of McCord,
Brady & Co. and Kilpatrick-Koch Dry-goods Com-
pany, on the mortgaged property.   This property was

not subject to such levies, only as provided in said chapter 117. The tender made by these creditors to the Bank of Neola was not made until after the attorney for the bank had accepted the tender from Price, and made a complete assignment of the mortgage to him. Price had been subrogated to all the rights of the bank before this tender, and these creditors acquired no rights by their offer to the bank. Neither did their subsequent deposit of two hundred and twenty-five dollars with the clerk affect the question of the right of possession on March 9. These creditors had no right to take the property on attachment or execution, because they had not previously paid or tendered to the holder of the mortgage, nor deposited with the clerk, the amount of the mortgage debt. The bank had ceased to be the holder of the mortgage before their tender to it, and their deposit with the clerk was long after their levies, and after the commencement of this action, if not after its submission. It follows from these views that the levy of the attachment and executions in favor of Sneider and of McCord, Brady & Co. and Kilpatrick-Koch Dry-Goods Company were unauthorized, and gave the defendant no right to the possession of the mortgaged property.

II. There can be no question but that, by the assignment of the mortgage to them, the plaintiffs were

2. ——: ——: ——: right of possession.

subrogated to all the rights of the holders of the mortgage, and as such were entitled to possession of the mortgaged property until some other creditor of the mortgagor became subrogated to that right by complying with the requirements of chapter 117. It is true that at the time of the service of the notices of ownership, and at the commencement of this action the defendant, as sheriff, held two executions in favor of the plaintiffs, which he had levied upon the mortgaged property. It is also true that the property had not been released therefrom

by payment of the debts by Seipel, nor did the plaintiffs in express terms release their executions. They did notify the defendant sheriff of their interest in the property, how they had acquired such interest, and for what consideration, and that the property belonged to them, and demanded a release of it from the levies in favor of Sneider, McCord, Brady & Co. and Kilpatrick-Koch Dry-Goods Company. While the motion did not in terms demand or order a release from the plaintiffs' levies it would hardly be contended that in the face of such notices the sheriff would be liable to the plaintiffs for surrendering the property to them on their demand, and for not continuing to hold it under the executions in their favor. At and before the commencement of this action the plaintiffs stood as the holders of the mortgage. None of the other creditors had acquired any interest therein under chapter 117, or otherwise. The claim to immediate possession by the plaintiffs was in fact an abandonment or release of their levies upon the property, and, therefore, left the property freed from all the writs in the defendants' hands.

We reach the conclusion that the court did not err in either of the respects assigned as errors, and that the findings and judgment should be AFFIRMED.