WEBSTER CITY GROCERY COMPANY, Appellant, v. LOSEY & DOTY *et al.*

**Attaching Creditors: MORTGAGES.**   Where an attaching creditor purchases a prior chattel mortgage, and has the same assigned to him, it is not payment of the mortgage, within Acts Twenty-first General Assembly chapter 117, providing that attaching creditors may take possession of mortgaged chattels upon paying the mortgage debt.

SAME.   An attaching creditor is not precluded from purchasing a prior mortgage lien upon the property attached and paying the mortgage debt, leaving to his attachment any surplus, by Acts Twenty-first General Assembly. chapter 117, providing that attachment creditors may take possession of mortgaged chattel property by paying or tendering the holder of the mortgage the amount of the mortgage debt, on the ground that such act extinguished the debt, and the remedy left to the attaching creditor was to pursue the course prescribed by the act under the attachment, since the statute makes no provision for an assignment or

purchase of a mortgage in such cases but merely for paying or tendering payment.

SALE. The fact that attached property was sold in bulk instead of at retail and for much less than it was actually worth will not avoid the sale as illegal and fraudulent although more money might have been received for the goods by a retail sale of them, where it is doubtful if more money would have been realized by the creditors because of the additional expense of closing out the stock in such a manner.

Pleading: ADMISSIONS. An averrment that defendant, to enable the sheriff to maintain his attachment, procured an assignment of a chattel mortgage on attached property, which said transfer and assignment were made under Acts Twenty-first General Assembly, chapter 117, was admitted by the answer. *Held*, not an admission that the mortgage debt was paid, but that it was assigned.

*Appeal from Butler District Court.*—HON. J. F. CLYDE, Judge.

FRIDAY, JANUARY 27, 1899.

On the twenty-fourth day of December, 1894, Losey & Doty, co-partners doing business at Parkersburg, Iowa, executed and delivered a chattel mortgage upon their stock of goods, merchandise, and fixtures, for three thousand two hundred and thirty-two dollars and fifty-nine cents, to the Beaver Valley State Bank of Parkersburg, Iowa, to secure the payment of a certain promissory note held by the bank against them for that amount, with interest at 8 per cent. The mortgage was filed for record December 26, 1894. On the twenty-seventh day of December, 1894, the defendant the Smith, Lichty & Hillman Company sued out a writ of attachment out of the office of the clerk of the district court for Butler county, Iowa, and placed said writ of attachment in the hands of Thomas Walsh, sheriff of said county, for service. The defendant went to Parkersburg on that day to levy said writ of attachment. Before the attachment was levied, the defendant the Smith, Lichty & Hillman Company purchased and took an assignment of the mortgage which the Beaver Valley State Bank held upon the stock

of goods and merchandise and fixtures of Losey. & Doty. Immediately after the Beaver Valley State Bank mortgage was assigned to the Smith, Lichty & Hillman Company, it was placed in the hands of the sheriff for foreclosure, and fore-closure of the mortgage was commenced according to its terms.   The sheriff took possession of the stock of goods and merchandise under the mortgage, and closed the store. After closing the store under the mortgage, he levied the writ of attachment upon part of the goods, and on that day he served notice of foreclosure by posting written notices in three public places in said county.   After foreclosure of the Beaver Valley State Bank mortgage was commenced, and the writ of attachment was levied, the defendants executed a chat-tel mortgage upon their stock of goods and merchandise to the H. Meyer Boot & Shoe Manufacturing Company, to secure payment of a note for two hundred and sixty-seven dollars and twenty cents.   After the mortgage was executed and delivered to the H. Meyer Boot & Shoe Manufacturing Company, they executed and delivered to the Webster City Grocery Company (plaintiff) a mortgage to secure one hun-dred and sixty-eight dollars and eight cents.   All of those mortgages by their terms were made subject to the Beaver Valley State Bank mortgage, which was assigned to the Smith, Lichty & Hillman Company, and subject to each other.   On the same day mortgages were executed to the Williams-Hayward Shoe Company, the Boss Manufacturing Company, John Melhop, Son & Co., and the Cedar Falls Mill Company.   All of these mortgages were made subject to each other, and all subject to the Beaver Valley State Bank mortgage, which was held by this defendant.   The defend-ant and mortgagee, the H. Meyer Boot & Shoe Manufactur-ing Company, commenced an action in the district court of Butler county, asking a transfer of the foreclosure of said mortgage to the district court, and presented its petition; and a temporary injunction issued, restraining said sale. Thereafter the said Smith, Lichty & Hillman Company

moved to vacate said temporary injunction, and the motion was sustained, the temporary injunction was dissolved, and the sale ordered to proceed as advertised. On the seventeenth day of January, 1895, the stock of goods was sold at public sale to the Williams-Hayward Shoe Company, the H. Meyer Boot & Shoe Manufacturing Company, and the Rider-Wallis Company. This action is to recover against Losey & Doty on the note held by plaintiff, and the petition shows that the sale under the mortgage was illegal and fraudulent, as not being made upon legal notice, and as being made in pursuance of a conspiracy to defraud. The following is a part of the prayer of the petition: "That the alleged sale of the property may be declared fraudulent and void as to plaintiff; that an accounting be had between the plaintiff and the defendants, and after such accounting the plaintiff may be permitted to redeem by paying the prior mortgagees and lienholders such amount as may be found due them, and the interests, lien, rights of the defendants Williams-Hayward Shoe Company, the Boss Manufacturing Company, John Melhop, Son & Co., Cedar Falls Mill Company, and the Rider-Wallis Company be declared junior and inferior to plaintiff's said mortgage; that the plaintiff have a special execution for the sale of said mortgaged premises, and such other relief as the court may deem just and equitable in the premises." There was an amendment to the petition, and an additional prayer, which it is not important to set out, for the consideration of the questions presented. The district court gave to plaintiff a judgment on the note, and denied to it other relief, and the plaintiff appealed.—*Affirmed.*

*Geo. Wambach* and *Geo. M. Craig* for appellant.

*J. T. Sullivan* for appellee Smith, Lichty & Hillman Company.

*Courtright & Arbuckle* and *M. F. Edwards* for other appellees.

GRANGER, J.—I.   It will be remembered that, after the writ of attachment was in the hands of the sheriff, the Smith, Lichty & Hillman Company obtained an assignment of the Beaver Valley State Bank mortgage, and gave the same to the sheriff for foreclosure, and the sheriff took possession of the goods by virtue of the mortgage, and closed the store. He then, by order of the Smith, Lichty & Hillman Company, levied the attachment on part of the stock of goods, and it appears that he set them in the front part of the store, and on the same day notices were posted for the foreclosure of the mortgage, and a sale of the goods was subsequently made in pursuance of such notice; and no further steps were taken under the attachment.   Appellant claims that the assignment of the mortgage was obtained under the provisions of chapter 117, Acts Twenty-first General Assembly, which provides for attachment creditors to take possession of mortgaged chattel property by paying or tendering to the holder of the mortgage the amount of the mortgage debt; and it is said that, having taken the property under the provisions of that act, it was a payment of the mortgage debt, and the remedy left to the Smith, Lichty & Hillman Company was to pursue the course prescribed by that act under its attachment.   By this we understand appellant to mean that the proceedings under the mortgage to sell were void as the mortgage debt was paid. Reliance is placed on *Cochrane v. Rich,* 142 Mass. 15 (6 N. E. Rep. 781), and *Baumgartner v. Vollmer,* * Idaho, — (49 Pac. Rep. 729).   Before looking to the application of these cases, it will be well to state that the record here discloses, not a payment, but a purchase, of the mortgage, by the Smith, Lichty & Hillman Company.   The indorsement shows that it was "sold, assigned, transferred, and set over."   The statute in question makes no provision for an assignment or purchase of a mortgage in such cases.   It provides for paying or tendering payment.   In the respect

---

*NOTE.—At date of publication of this book this case is not published officially.—*Reporter*

of which we now speak, the statutes of Massachusetts and Idaho are the same. In the Massachusetts case the attaching creditor paid the mortgage under the provisions of the statute, and claimed an assignment of it, which the mortgagee refused, and the action was to compel it. The court held that he was not entitled to an assignment, as the mortgage was paid, holding that the purpose of the statute was a redemption by the attaching creditor. In the Idaho case the facts are more extended, but the following will be sufficient: The attaching creditor tendered payment of the mortgages under the statute, after levying his attachment, which payment was accepted. He then put his claim in judgment, took execution, levied upon the property, noticed the same for sale, and then postponed the proceeding to a particular date; and nothing further seems to have been done. Before the expiration of the time to which the proceeding was postponed, the plaintiff obtained copies of the mortgages, and delivered them to the sheriff, with directions to take possession of the property and sell the same. The mortgagor made demand for the delivery of the property, on the ground, among others, that the notes secured by the mortgages had been paid. The sheriff sold the property by virtue of the mortgages, and suit was brought by the mortgagor to recover its value. The court permitted a recovery, on the ground that, having adopted the proceeding by attachment, and having paid the mortgages, so as to entitle him to reimbursement from a sale of the attached property, he could not abandon that proceeding and adopt that of foreclosure. On rehearing, the court filed a supplement to the opinion, in which it adheres to its former conclusion, but makes prominent the fact that the mortgage debt was paid, and that it was not purchased. The court uses this language: "The facts clearly show that the appellant attached the personal property in question, and, in order to obtain possession thereof, paid the mortgage debt that existed against the property. He did not purchase the promissory note secured

by said mortgage, but paid it under the provisions of section 3389, Rev. St., and thus satisfied said mortgage lien. He could not thereafter foreclose said mortgage. The debt was paid, the mortgage lien satisfied." That case cites and quotes largely the Massachusetts case, and also cites 2 Cobbey Chattel Mortgages, section 718. We think this case is clearly distinguishable, from the fact that Smith, Lichty & Hillman Company did not pay off the mortgage debts, but purchased them, so that the firm stood in place of the assignor, as to the title. We have no doubt that the firm, in purchasing the mortgages, did so to aid its attachment proceedings by owning the prior lien, so as to have the advantage of both; and why might it not do so? We know of no law to prevent an attaching creditor from purchasing a prior mortgage lien on the property attached, and then to pay the mortgage debt, and leave to his attachment any surplus there may be. That is what was done in this case. There is some language in the original opinion in the Massachusetts case that, considered abstractly, seems to us of doubtful import. Limited to the facts of the case, as it should be, it is not doubtful, and is not against our conclusion. In appellant's amendment to the petition is the following: "Par. 4. That the defendant Smith, Lichty & Hillman Company, in order to enable the sheriff to maintain his said attachment, procured an assignment of the said chattel mortgage from the Beaver Valley State Bank, which said transfer and assignment was made under the provisions of chapter 117, Acts Twenty-first General Assembly." The answer admits this, with other averments of the petition; and, because of it, appellant argues that there is a concession that the transfer of the mortgage was under the provisions of chapter 117, Acts Twenty-first General Assembly. The averment of the petition is, not that the mortgage was paid, but that it was assigned; and it speaks of it as a transfer. It seems quite clear that the admission was not of the fact

of a payment, but an assignment or transfer of the debt. Other parts of the pleading strengthen this conclusion.

II.   Appellant makes the claim that in selling the property the firm took into account the attachment, as well as the mortgage lien, and hence that the property could not legally be sold without appraisement.   The difficulty is with the facts, even if the legal proposition would be correct.   The sale appears to have been alone for the payment of the mortgage debt, and none of the proceeds were applied on the attachment.

III.   There is a complaint that the property was sold in bulk, instead of at retail, and for much less than it was actually worth, if its value is based on what it would be worth in a regular retail trade.   The stock sold for about one-half of its value, as indicated by one inventory, and it is likely true that, even at a forced sale, more money might have been received for the goods by a retail sale of them; but it is exceedingly doubtful if more money would have been realized for the creditors, because of the additional expense of closing out the stock in such a manner.   It is sufficient to say that the evidence by no means discloses a prejudice to creditors by the method of sale adopted.

Some other claims of appellant, based on unfair conduct of the Smith, Lichty & Hillman Company, we need not consider, because the facts as claimed do not appear from the record.   It claims a right to redeem because of conditions broken.   We discover no conditions broken to authorize such relief.   The judgment will stand AFFIRMED.