MINNIE A. BEERY *et al.* v. JAMES B. NAYLOR.

No. 12,750.    (69 Pac. 347.)

SYLLABUS BY THE COURT.

CREDITOR'S BILL—*Prayer of Petition—Erroneous Money Judgment.* In a creditor's suit, where it was sought to subject to the payment of a judgment real estate alleged to have been fraudulently conveyed by the judgment debtor, there was no prayer in the petition for a second judgment. *Held*, that it was error to render a money judgment against the defendant.

Error from Gray district court; FRANCIS C. PRICE, judge. Opinion filed July 5, 1902. Reversed.

*Sterling P. King*, for plaintiffs in error.

*Milton Brown*, for defendant in error.

Beery v. Naylor.

The opinion of the court was delivered by

SMITH, J. : This was a suit in the nature of a creditor's bill, brought by James B. Naylor against the Beerys, to subject a town lot to the payment of a judgment held by him against them.   The petition alleged that on April 12, 1893, the plaintiff's assignor recovered a judgment against Minnie A. Beery and husband for the sum of $823.33, and a decree foreclosing a mortgage given to secure the debt on which the judgment was based; that the mortgaged property was sold and $84 realized therefrom, which was credited on the judgment; that execution had been issued for the collection of the deficiency and returned *nulla bona;* and that in March, 1893, the defendants Beery deeded to Charles A. Clark a lot in Cimarron, for the purpose of defeating the plaintiff below in the collection of the balance due on his judgment.   The prayer of the petition reads :

"Wherefore the plaintiff prays that the said conveyance may be decreed null and void, that the said pretended deed may be declared fraudulent and set aside, and the said real estate, to wit, lot (16) sixteen, in block (12) twelve, in Reeve addition, be declared subject to the judgment of the balance of the said judgment in favor of this plaintiff, in the sum of eight hundred and seventeen ($817.20) dollars and twenty cents, with interest at the rate of ten per cent. per annum from and after the 20th day of September, A. D. 1893, and that the said land may be sold to satisfy the said judgment and costs, and for such other and further relief as may be equitable."

A copy of the journal entry of judgment was attached to the petition, in which it was recited that both personal and constructive service of summons was had on the Beerys in the foreclosure suit.   The answer of

24—65 KAN.

plaintiffs in error, after a general denial, was confined
to a special denial that any service was had on them
in the foreclosure suit, with an averment that the judg-
ment was void. A trial was had before the court,
who found that the judgment was rendered on personal
service of summons had on the defendants, the Beerys.
It was further found that the deed from Beery and
wife to Clark was based on a valuable consideration,
and was not a device to keep the property from being
subjected to the payment of the judgment.

The court, in its conclusions of law, found that the
plaintiff below was entitled to a personal judgment
against Beery and Beery, and judgment was entered
against them for the sum of $1332.81. This ruling of
the court is assigned as erroneous, and is the only
question in the case.

There are two good reasons why the contention of
plaintiffs in error must be sustained : First, there was
no allegation or prayer in the petition indicating that
a personal judgment was sought. The petition in no
manner apprised defendants below that another and
a new judgment was sought to be obtained against
them in the action. Second, if plaintiff below had
set up a cause of action on his judgment and prayed
for another judgment in this creditor's suit, he would
be prosecuting an action "for the recovery of money,"
in which case, under section 4713 of the General Stat-
utes of 1901, the defendants below would have been
entitled to a jury trial. In this case a money judg-
ment was rendered against the Beerys in a purely
equitable action, in which there was no claim for the
recovery of money. ( *Gillespie v. Lovell,* 7 Kan. 419,
424; *Cavenaugh v. Fuller,* 9 id. 233; *Chandler v. Rich-
ardson,* ante, p. 152, 69 Pac. 168.)

In response to a demand for a jury trial, the plain-

tiff below could have truthfully answered that the petition did not disclose any claim for the recovery of a money judgment, but that the suit was purely equitable, and had for its sole purpose the subjection of property fraudulently conveyed to the payment of a judgment already in force. The trial court in rendering a money judgment did that which was not sought for in the pleadings, and if the judgment given had been prayed for the defendants below would have been entitled of right to a jury trial on the issue raised, in which the validity of the judgment was disputed.

We have considered the case on the substituted record filed by counsel for the defendant in error. The judgment of the court below will be reversed and a new trial ordered.

DOSTER, C. J., POLLOCK, J., concurring.