A. L. STEIN, Appellant, v. MAUDE McAULEY and W. S. McAULEY, Appellees.

**Appeal:** OBJECTION TO JURISDICTION: HOW MADE. An objection to the jurisdiction of the court to entertain an appeal, which is not made in printed form and served upon the appellant as provided by statute, will not be considered.

**Chattel mortgages:** FORECLOSURE: ATTACHMENT: WAIVER OF MORTGAGE LIEN. Under the law of this State a chattel mortgagor retains the legal title to the property, and his equity of redemption is the subject of levy and sale: So that a mortgagee does not waive his right to foreclose the mortgage by levying an attachment upon the property.

**Same.** The above rule is especially applicable where the attachment suit was dismissed before trial, as in this case.

**Same:** ELECTION OF REMEDIES: ESTOPPEL. By suing out an attachment on chattel mortgage property the mortgagee does not elect his remedy so as to deprive him of subsequently foreclosing the mortgage, since the two proceedings are not inconsistent. And the fact that the mortgagor incurred expenses in resisting the attachment will not estop a foreclosure of the mortgage, especially where, as in this case, there were other attachment suits against the property instituted prior to the commencement of the mortgagee's suit.

*Appeal from Polk District Court.*—HON. W. H. McHENRY, Judge.

TUESDAY, MARCH 15, 1910.

SUIT in equity for the foreclosure of a chattel mortgage upon certain household goods. Defendants pleaded a waiver of the mortgage and an estoppel, based upon an attachment of the goods by the plaintiff in a civil suit against them. Plaintiff by motion challenged these defenses, but

his motion was overruled. The case was then tried to the court, resulting in a decree dismissing the petition. Plaintiff appeals. *Reversed* and *remanded*.

*F. F. Keithley* and *John Newburn*, for appellant.

*Bailey & Stipp* and *O. M. Slaymaker*, for appellees.

DEEMER, C. J.—I. Our attention upon oral argument was called to the fact that the record showed no jurisdiction in this court, for the reason that there is no showing that any decree had ever been entered in the case. This point is not raised in any of the printed matter filed in the case. There is nothing in appellee's contention, for the reason that the record shows all the orders and the judgment complained of. Moreover, it is provided by statute that: "All objections to the jurisdiction of the court to entertain an appeal must be made in printed form stating specifically the ground thereof and served upon the appellant or his attorney of record not less than ten days before the date assigned for the submission of the cause." Chapter 206, Acts 33d General Assembly. This statute not having been followed, the point could not be considered, even were there anything in it as disclosed by the abstract.

1. APPEAL: objection to jurisdiction: how made.

II. There are two main questions in the case, and these are: First, did plaintiff waive his right to foreclose the chattel mortgage by reason of his levy upon the goods covered by the mortgage; and second, is he estopped from foreclosing the mortgage because he caused defendant to go to expense in defending against the attachment? The facts are that, before commencing this action to foreclose the chattel mortgage, plaintiff brought suit against the defendants and others to recover judgment upon the note secured by the mortgage, and in that action caused a writ of attach-

2. CHATTEL MORTGAGES: foreclosure: attachment: waiver of mortgage lien.

ment to be issued, which was levied upon all the mortgaged property, as well as some other goods not covered by the mortgage. Defendants were just starting to move to another town, and by reason of the attachment they were delayed somewhat, had to secure a delivery bond for the release of the property, and to employ lawyers to defend against the attachment. The original attachment suit, which was before a justice, was continued once or twice, and finally dismissed by plaintiff on the theory, as is now asserted, that the goods were exempt from attachment. This dismissal was entered without prejudice on the 15th day of February, 1909, and this suit to foreclose was bought on the 18th day of the same month. On these facts the trial court rendered judgment for the amount of the note in suit less payments, but denied the right of foreclosure, upon the theory that plaintiff had waived his mortgage, and was estopped from relying thereon.

The courts of the country do not seem to be agreed upon the first question presented for our determination, but the disagreement is more apparent than real. Upon the broad proposition it seems that the courts of Massachusetts, Maine, New Hampshire, Minnesota, Arkansas, and Oklahoma are committed to the doctrine that an attachment of the mortgaged property waives the lien of the mortgage. See *Evans v. Warren,* 122 Mass. 303; *Whitney v. Farrar,* 51 Me. 418; *Haynes v. Sanborn,* 45 N. H. 429; *Dyckman v. Sevatson,* 39 Minn. 132 (39 N. W. 73); *Cox v. Harris,* 64· Ark. 213 (41 S. W. 426, 62 Am. St. Rep. 187); *Dix v. Smith,* 9 Okl. 124 (60 Pac. 303, 50 L. R. A. 714). On the other side are the following: *Madson v. Rutten,* 16 N. D. 281 (113 N. W. 872, 13 L. R. A. (N. S.) 554); *Byram v. Stout,* 127 Ind. 195 (26 N. E. 687); *Barchard v. Kohn,* 157 Ill. 579 (41 N. E. 902, 29 L. R. A. 803); *Howard v. Parks,* 1 Tex. Civ. App. 603 (21 S. W. 269); *State Bank v. Mottin,* 47 Kan. 455 (28 Pac. 200, 27 Am. St. Rep. 306); *First Bank v. Johnson,* 68

Neb. 641 (94 N. W. 837); *Thurber v. Jewett,* 3 Mich. 295. In so far as we have been able to discover, this question has never heretofore been decided by this court, so that we are free to adopt that rule which seems to be best supported by authorities and sound reason. The whole doctrine of waiver is based upon the theory that the respective liens are essentially different, and cannot coexist. See *Evans v. Warran, supra.* When, then, a chattel mortgage conveys the legal title to the mortgagee, as in Massachusetts and some of the other states, affirming the doctrine of waiver, it is manifest that the conclusion reached in these jurisdictions is correct; for it is elementary, of course, that one may not attach his own property. But where the mortgage creates a mere lien upon the property, as in this state (see Code, section 2911), the reason for the rule does not exist and in such cases the rule itself is inapplicable. This distinction is pointed out in the cases from Illinois, Indiana, and Nebraska heretofore cited. In this state the mortgagor has an equity of redemption under a chattel mortgage, which may be levied upon and sold (see Code sections 3905, 3979); and, if this may be done; we see no reason why a mortgagee of the property may not himself levy upon this equity in the property itself without waiving his mortgage lien. In such a case he is not asserting title in himself in one proceeding and levying upon it in another. His rights, then, are simply cumulative, and in no sense inconsistent. This distinction is now generally recognized by courts and text-writers. See Jones on Mortgages (5th Ed.) section 565; 7 Cyc. 551; *Byram v. Stout, supra; Barchard v. Kohn, supra; First Bank v. Johnson, supra.* Moreover, it is quite generally held that, if the attachment suit does not go to judgment, there is no waiver. See *Thurber v. Jewett, supra; Ellinwood v. Holt,* 60 N. H. 57; *Dyer v. Cady,* 20 Conn. 563; *Conway v. Wilson,* 44 N. J. Eq. 457 (11 Atl. 734); *Madson v. Rutten, supra.* Even in

those states which adhere to the doctrine of waiver it is generally held that, if the title be in the mortgagor, and there be an equity of redemption subject to levy, there is no inconsistency in the two liens, and that an attachment of the property does not amount to a waiver of the mortgage lien. See *Whitmore v. Tatum,* 54 Ark. 457 (16 S. W. 198, 26 Am. St. Rep. 56), and, as supporting the same view, *Cochrane v. Rich,* 142 Mass. 15 (6 N. E. 781); *Clark v. Ward,* 12 Grat. (Va.) 440. It may be said in this connection that, while we have not heretofore decided this question, we have absolutely refused to follow the doctrine announced in the Oklahoma case of *Dix v. Smith, supra.* See *Webster City Grocery Co. v. Losey,* 108 Iowa, 687. This whole matter is so thoroughly covered by the cases cited in a valuable note to *Dix v. Smith supra,* 50 L. R. A. 714, that nothing further need be added.

III. We do not think there was a waiver of the mortgage lien, especially in view of the fact that the attachment was dismissed and never went to trial. Had there been a sale of the property under execution growing out of the attachment proceedings, we would have a very different proposition. Appellees contend, however, that in analogous cases we have recognized a different rule; but a careful study of these will disclose that this is not correct. Of course, if a lien depends upon possession and continued possession is essential to the lien, the party holding such lien can not surrender the possession through an attachment, and then assert his lien. This is all that is held in *Citizens' Bank v. Dows,* 68 Iowa, 460; *Lawrence v. McKenzie,* 88 Iowa, 432, and other like cases relied upon by appellee. See, in this connection, *Valley Bank v. Jackaway,* 80 Iowa, 512. Again, if one claims the legal title to property, his attachment thereof, being inconsistent with the claim of absolute ownership, constitutes a waiver. This is the rule of *Crawford v. Nolan,* 70 Iowa, 97. This

3. SAME.

puts us in harmony with the rule in Massachusetts. And this is the rule of *Tone v. Shankland,* 110 Iowa, 525. It is sometimes put on the ground of waiver, and sometimes upon the principle of election of remedies; but in neither case does the rule apply unless the remedies actually exist and are inconsistent. *Moon v. Hartsuck,* 137 Iowa, 236, and cases cited. A case not cited by either of the parties gives support to the doctrine already announced. It is *Patterson v. Linder,* 14 Iowa, 414. In that case it was held that a sale of real estate on execution from a judgment for the purchase price does not extinguish, discharge, or waive a vendor's lien. See, also, *Blotcky v. O'Neill,* 83 Iowa, 574; *Pitkin v. Fletcher,* 47 Iowa, 53; *Rollins v. Proctor,* 56 Iowa, 326; *Gilcrest v. Gottschalk,* 39 Iowa, 311; *Hawley v. Warde,* 4 G. Greene, 36; *Atlantic Co. v. Carbondale Co.,* 99 Iowa, 234. Our conclusion is that, in so far as our cases bear upon the subject, they are in accord with the rules announced.

IV. As already suggested, there was no election of remedies in the case, for the reason that the proceedings were not inconsistent, and for the further reason that no such election was pleaded.

V. The claim of estoppel has no support in the testimony, for the reason that plaintiff is not taking inconsistent positions, and for the further reason that the expenses incurred by defendants in the attachment suit do

4. SAME: election of remedies: estoppel.

not constitute a basis for an estoppel. *Bull v. Keenan,* 100 Iowa, 144, *Dorris v. Miller,* 105 Iowa, 564. If plaintiff sued out the attachment wrongfully, doubtless defendants would have their remedy, but the mere fact that they made defense to that suit, and were successful in securing a nonsuit, even at some expense to themselves, will not serve as the basis for an estoppel. *Warder v. Baker,* 54 Wis. 49, (11 N. W. 342); *Wallis v. Truesdell,* 6 Pick. (Mass.) 455; *Henderson v. McMahill,* 75 Iowa, 217; *Brown v Holden* 120

Iowa, 191. Again it appears from the record that two other attachment suits were commenced against defendants, and levies made upon the property, before plaintiff commenced his attachment suit, and that he procured delivery bonds and was delayed in the shipment of goods, and that his expenses were incurred as much for one attachment suit as the other. Surely under such a state of facts there was no estoppel.

The trial court was in error in denying the decree of foreclosure under the testimony and the issues joined, and the case must be reversed and remanded for a decree in harmony with this opinion.

*Reversed* and *remanded.*